[L. A. No. 2386.   Department Two.—March 21, 1910.]

## H. S. SPARKS, Respondent, v. H. J. CALDWELL and D. W. TUNGATE, Appellants.

PROMISSORY NOTES—COLLATERAL SECURITY—GUARANTY BY PLEDGORS— UNTENABLE ACTION.—The holder of a note for two thousand dollars executed by makers who as payees of the note of a third person for two thousand one hundred dollars transferred the same to such holder as collateral security for their note to him, having made by indorsement upon such collateral note an express guaranty for its payment, waiving demand, presentment, notice, and protest, is confined to his remedy against the maker of the collateral note, and cannot maintain an action against the pledgors thereof upon their express guaranty.

ID.—TITLE TO PLEDGE NOT PASSED TO PLEDGEE.—Under section 2888 of the Civil Code, it is provided that: "Notwithstanding an agreement to the contrary, a lien or a contract for a lien, transfers no title to the property subject to the lien"; and it is settled in this state that, as between the pledgor and pledgee, the general property in a pledge remains in the pledgor, notwithstanding an apparent transfer of legal title to the pledgee.

ID.—PLEDGEE A TRUSTEE FOR PLEDGOR.—The pledgee is but a trustee for the pledgor and is accountable to the pledgor for surplus realized above the amount of indebtedness existing at the date of enforcement of the pledge.

ID.—TITLE TO COLLATERAL SECURITY FOR COLLECTION.—The title to negotiable paper transferred as collateral security is not transferred any farther than to enable the pledgee to collect the amount due thereon from the maker. In no event under the law merchant could an indorsement of negotiable paper by way of collateral security authorize any recovery from the pledgor beyond the amount remaining due upon the principal debt. It could not operate as an assignment of the general title, so long as the pledge subsists, and could only become such by an agreement that the amount of the collateral security be applied as a payment upon the principal debt, or in case of a transfer by the pledgee to third parties.

ID.— ACTION UPON GUARANTY — ANSWER — COLLATERAL SECURITY — AMOUNT DUE NOT ALLEGED—STRIKING OUT JUDGMENT ON PLEADINGS—REVERSAL.—In an action upon a guaranty by the payees of a note indorsed to plaintiff, an answer averring that the note was transferred to plaintiff by way of collateral security for the note of the defendants to plaintiff for a less sum due sixty days later, and still owned by plaintiff, states a sufficient defense, though it fails to allege that the full amount of the note in suit is not due. The amount due thereon is not material; but the all-significant matter is the title to the collateral note sued upon. An order striking out such answer as frivolous and surplusage was erroneous; and a judgment for plaintiff on the pleadings must be reversed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Watkins & Blodget, for Appellants.

Keefer & Bowers, for Respondent.

MELVIN, J.—This is an appeal from a judgment in favor of plaintiff. The suit was on a promissory note for the principal sum of twenty-one hundred dollars made by one Frank R. Bear in favor of the appellants Caldwell and Tungate. The note was indorsed as follows: "For value received, I hereby guarantee the payment of the within note, waiving demand, presentment for payment, protest and notice of protest. H. J. Caldwell, D. W. Tungate."

In their answer appellants admitted delivery of the note to respondent but alleged that it was transferred as collateral security for the payment of a note for two thousand dollars previously made by them and payable to Sparks, the respondent. Upon motion their answer was stricken out as frivolous, and judgment on the pleadings was given according to plaintiff's prayer.

The one question presented is whether or not a pledgee can sue a pledgor as guarantor of a collateral security in the nature of a negotiable instrument.

Respondent contends 1. That there is nothing to prevent the pledgee of a negotiable note from suing upon the pledged security without bringing an action on the principal obligation; and 2. That even if the rule be otherwise when the pledge

is transferred by mere *indorsement* and delivery, nevertheless in cases like this where a distinct contract of *guaranty* is made in favor of the pledgee, he may sue upon the pledged note and recover upon it even when the amount of the note and interest is in excess of the indebtedness which the collateral note was intended to secure. Both of these positions are met, we think, by two California cases. In *Haber* v. *Brown*, 101 Cal 452, [35 Pac. 1038], this court said: "The case has been discussed thus far upon the theory of the complaint, that the original transfer of the note in suit to Dinkelspiel & Co. was an absolute transfer thereof by indorsement in the ordinary course of business. But the answer, proofs, and findings show that the transfer was by way of pledge, or collateral security, to secure the indebtedness of John H. Carter and of the firm of Carter & Barker to Dinkelspiel & Co. The Civil Code expressly provides that 'notwithstanding an agreement to the contrary, a lien or a contract for a lien, transfers no title to the property subject to the lien.' (Civ. Code, sec. 2888.) It is settled in this state that, as between the pledgor and pledgee, the general property in a pledge remains in the pledgor, notwithstanding an apparent transfer of legal title to the pledgee. (*Cross* v. *Eureka Lake etc. Canal Co.*, 73 Cal. 306, [2 Am. St. Rep. 808], and cases cited.) The pledgee is but a trustee for the pledgor (*Wheeler* v. *Neubould*, 16 N. Y. 398; *Hawks* v. *Hinchcliff*, 17 Barb. 492), and is accountable to the pledgor for any surplus realized above the amount of indebtedness existing at the date of enforcement of the pledge. (Civ. Code, sec. 3008.) The transfer of a pledged note and mortgage to the pledgee does not transfer the title any farther than to enable the pledgee to collect the note and mortgage from the maker thereof. (*Ponce* v. *McElvy*, 47 Cal. 159.) In no event, even under the law merchant could an indorsement of negotiable paper by way of collateral security authorize any recovery against the pledgor beyond the amount remaining due upon the principal debt. (*Williams* v. *Smith*, 2 Hill, (N. Y.) 301.)' It is unnecessary to decide whether, under the code rule respecting the retention of title in the creator of any lien, regardless of the form of the transaction, the indorser of negotiable paper by way of pledge is liable to the pledgee as an indorser under the law merchant. But it seems clear, in view of the code provision, that a mere indorsement of non-

negotiable paper by way of pledge should be restricted in effect to an authority from the pledgor to the pledgee to enforce the obligation in his own name as trustee and agent for the pledgor, and to apply the proceeds in payment of the debt secured, accounting to the pledgor for any surplus collected. It could not operate as an assignment of the general title so long as the pledge subsists, and could only operate as such in case of an agreement that the pledge should be extinguished, and the amount of the collateral security applied as a payment upon the debt secured, or in case of a transfer of the collateral security by the pledgee to third parties." And in the case of *Ponce* v. *McElvy,* cited in the foregoing quotation, this language was used: "The note and mortgage made to Ponce by LeCoat was received by the defendant Powell merely as collateral to secure the payment of the note of Ponce, as given by the latter to George. It was, as between these parties, a pledge. The assignment which Ponce made was not intended to transfer the title any further than to enable the assignee to obtain satisfaction of the debt from LeCoat. To give it any effect other than this would be to do violence to the obvious intention of the parties, which was to create a security for the protection of the note to George—nothing more." Respondent, while admitting the apparent force of these decisions, seeks to differentiate them from the case at bar. For example, our attention is called to the fact that in *Haber* v. *Brown,* 101 Cal. 452, [35 Pac. 1038], the pledge was *non*-negotiable paper, the pledgor merely indorsed the collateral and the pledgee did not take the steps necessary to charge the pledgor as an indorser, while in the case at bar the pledge was a *negotiable* note, there was a contract of guaranty as well as an indorsement, and the pledgee took the necessary steps to charge the pledgors as indorsers and guarantors. These differences, in view of the allegations of the answer, would be immaterial. It is alleged in the answer that the note was transferred as collateral security for the payment of another note for two thousand dollars given by appellants to Sparks on July 30, 1906, due sixty days later, and still owned by Sparks. In view of section 2888 of the Civil Code, we fail to see how the form of the contract indorsed upon the collateral note affects the matter at all, nor do we see how this case differs in principle from *Ponce* v. *McElvy,* 47 Cal. 159.

But the answer fails to allege that the full amount given by the judgment is not due; therefore, according to respondent, no legitimate defense is presented, and the order striking out the answer must have been correct. But we think the amount due is not the important point. The title to the note is the all-significant matter. According to the answer the title remained in the appellants and the respondent was clothed only with the power as their agent to collect the amount due from the maker of the note and to apply such sum to the payment of his debt. It follows that the order striking out the answer as frivolous and as surplusage was erroneous.

The judgment is reversed and the cause remanded..

Henshaw, J., and Lorigan, J., concurred.