[Civ. No. 3947.   Second Appellate District, Division One.—February 8, 1924.]

## L. J. STRADLEY, Appellant, v. HUGH B. TOUT, Defendant; CHARLES C. ALBERT et al., Respondents.

[1] NEGOTIABLE INSTRUMENTS—EXISTENCE OF LIEN—TITLE—CONSISTENCY OF CODE PROVISIONS.—Section 2888 of the Civil Code, which provides simply that no title to property, subject to a lien, is transferred by a lien or by a contract for a lien, notwithstanding any agreement to the contrary, is not inconsistent with section 3108 of that code, which provides that where the holder has a lien on a negotiable instrument he is deemed a holder for value to the extent of his lien.

[2] ID.—OWNER OF LIEN—RIGHTS CREATED BY CODE.—No new right was created in favor of a holder for value of a negotiable instrument, pledged to him as security, by the enactment of section 3108 of the Civil Code; and the language of the section clearly implies that the owner of the lien on a negotiable instrument is not the owner of such instrument, but that he holds the same as security for the payment of his debt.

[3] ID. — PLEDGE OF PROMISSORY NOTE — LIABILITY OF INDORSERS.— Where a promissory note is indorsed by the payee to a third person and the latter, before maturity, indorses same and pledges it to another as security for certain indebtedness due and to become due to the pledgee, the latter, in a subsequent action to recover the amount due on said note, cannot recover judgment as against his pledgor, but he may recover against the payee of the note, whose name appeared thereon as an indorser and guarantor.

APPEAL from a judgment of the Superior Court of Kern County.   T. N. Harvey, Judge.   Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Kaye & Siemon for Appellant.

Wesley Grijalva for Respondents.

CURTIS, J.—Plaintiff instituted this action against the defendants to recover the amount due on a promissory note, executed by defendant Tout, and indorsed and payment thereof guaranteed by defendants Albert and Valencia.

The defendant Tout failed to appear in the action and judgment by default was rendered against him for the full amount of the note. The court refused to give judgment against either of the defendants, Albert or Valencia, but rendered judgment in their favor, that is, a judgment that plaintiff take nothing against either of said defendants. The appeal is taken by plaintiff on the judgment-roll only, and from only that part of said judgment in favor of the defendants Albert and Valencia. The findings show that the note was executed by Tout in favor of Albert, who, prior to its maturity, indorsed the note to Valencia without consideration and for the purpose of collection. Valencia, before its maturity, indorsed the note and delivered it to plaintiff as security for the payment by said Valencia of certain money due and thereafter to become due plaintiff from Valencia on account of groceries purchased and to be purchased by Valencia from the plaintiff. The amount due plaintiff on this grocery account, the court found was $1,851.75. The court further found that the amount due on the note was $2,000 principal, $151.20 interest and $200 attorney's fees, for which amounts the court gave judgment in plaintiff's favor against defendant Tout, and further provided that plaintiff, after paying himself the amount found due him, should pay the balance, if any remaining in his hands, to Valencia and Albert. The court found that, although the note was executed in favor of Albert, at all times Albert and Valencia each owned one-half of said note, but that plaintiff had no knowledge of the ownership of the one-half of said note by the defendant Albert.

It is the contention of plaintiff that the findings show that he was the *bona fide* holder of the note sued on in due course under the so-called "Uniform Negotiable Instruments Law"; that he held the note as pledgee, and that he had the right to enforce payment thereof from all parties liable thereon, including Albert and Valencia, and to apply the proceeds upon the indebtedness owing to him by Valencia, and that the court therefore erred in granting judgment in favor of the defendants Albert and Valencia.

Reliance is placed by plaintiff, in support of his contention, upon two sections of the Civil Code which were adopted in 1917, at the time of the enactment of the so-called Uniform

Negotiable Instruments Law. Said sections are a part of said law and are as follows:

"Section 3108. Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

"Section 3138. A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Plaintiff concedes that prior to the enactment of the above sections of the code the decisions of the supreme court of this state were adverse to his contention, at least in so far as the defendant Valencia is concerned. In the case of *Sparks* v. *Caldwell*, 157 Cal. 401 [108 Pac. 276], the supreme court stated that: "The one question presented is whether or not a pledgee can sue a pledgor as guarantor of a collateral security in the nature of a negotiable instrument." It was held that no such action could be maintained for the reason that the title to the pledged security was still in the pledgor and that by his indorsement thereof to the pledgee, even when such indorsement contained (as it' does in the present case) an express guaranty for the payment of this pledged security, he only gave to the pledgee authority to collect the amount due from the maker of the pledged security, and to apply such sum to the payment of his own debt. The court held that this was so by virtue of section 2888 of the Civil Code, which provides that "Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien."

[1] Plaintiff contends that section 2888 is inconsistent with the provisions of 3108 of the Civil Code, and that as the latter section was enacted long subsequent to the adoption of section 2888, it repealed the latter section by implication. We are unable to agree with plaintiff in his contention that the terms of these two sections are inconsistent with each other. Section 2888 provides simply that no title to property, subject to a lien, is transferred by a lien or by a contract for a lien, notwithstanding any agreement to the contrary. Section 3108 provides that where the holder has a lien on a negotiable instrument he is deemed a holder for value to the extent of his lien. Nothing is said in said

section 3108 about any transfer of any title to the instrument from the owner thereof to the owner of the lien. [2] By the very terms of this section, the owner of the lien is limited in his right over the pledged instrument, to the extent of his lien. This clearly implies that he is not the owner of such instrument, but that he holds the same simply as security for the payment of his debt. No new right was created in favor of a holder for value of a negotiable instrument, pledged to him as security, by the enactment of section 3108. Prior to the adoption of this section, an indorsee of a negotiable instrument merely as collateral security for a debt (even though it be a pre-existing debt) owing to him by his indorsee took the instrument free from all equities that might exist against the indorser of which the indorsee had no notice (*Ponce* v. *McElvy,* 47 Cal. 154; *Griswold* v. *Morrison,* 53 Cal. App. 93 [200 Pac. 62]), and he could proceed to collect the same and apply the proceeds thereof on his own debt. He could not, however, as we have already seen, recover against his immediate indorser. (*Sparks* v. *Caldwell, supra.*)

[3] Nor is appellant supported in his claim for a judgment against defendant Valencia by the provisions of section 3138 of the Civil Code. It is true that by the terms of this section "a holder in due course [and plaintiff is such a party] may enforce payment of the instrument . . . against all parties liable thereon," but we have already seen that Valencia is not one of the parties liable for the payment of the instrument. Therefore, no right is given plaintiff by this section to recover against him. The judgment, therefore, in favor of defendant Valencia, the pledgor of said note, was correct and should be affirmed.

The defendant Albert occupies a different position, however. At the time plaintiff acquired the note from Valencia the name of defendant Albert appeared thereon as an indorser and guarantor. While the court found that he was the owner of one-half of said note, it further found that plaintiff had no knowledge of such ownership at the time he acquired the note. The plaintiff was, therefore, as far as the defendant Albert was concerned, a holder for value and in due course of business. He held it free from any defects of title of any prior party thereto and free from any and all defenses available to any prior party, and was

entitled to enforce payment against all parties liable thereon, which included the defendant Albert. (Sec. 3138, Civ. Code.) The trial court, therefore, erred in granting judgment in favor of defendant Albert in so far as plaintiff's right to collect said note is concerned. The defendant Albert is liable for the payment of said promissory note, and judgment should be entered against him for the amount due thereon.

That part of said judgment in favor of defendant Valencia is affirmed, but that part of said judgment in favor of defendant Albert is reversed, with directions to the trial court to modify said judgment by causing judgment to be entered against said defendant Albert for the amount found to be due on said promissory note.

Conrey, P. J., and Houser, J., concurred.