[Civ. No. 7181. First Appellate District, Division One.—September 18, 1930.]

ANGLO-CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. THE FRENCH AMERICAN BANK (a Corporation) et al., Defendants; BANK OF AMERICA OF CALIFORNIA (a Corporation), Appellant.

BANK OF AMERICA OF CALIFORNIA (a Corporation), Respondent, v. R. McCOLGAN, Appellant.

P. A. Bergerot and A. P. Dessouslavy for Appellant Bank
of America.

George D. Collins, Jr., for Appellant McColgan.

Young, Hudson & Rabinowitz for Respondent.

JORGENSEN, J., *pro tem.*—This is an action brought by the plaintiff Anglo-California Trust Company to recover from Bank of America of California (successor to French American Bank), R. McColgan and M. D. Bailey, defendants, the sum of $1500 paid by the plaintiff bank on a forged indorsement of a check drawn by G. L. Crabtree on the plaintiff bank (where said Crabtree had an account), to the joint order of M. D. & Lillian Bailey. The defendant Bank of America of California filed a cross-complaint against the said defendants, R. McColgan and M. D. Bailey, to recover the same amount alleged to have been paid by it to said Bailey on the same check. Judgment was rendered by the court below in favor of plaintiff, against defendants Bank of America and Bailey, on the complaint and against both of said cross-defendants on the cross-complaint. McColgan appeals and the Bank of America of California appeals from the judgment against it.

The facts are briefly these:

Said R. McColgan, as a broker, negotiated a loan from G. L. Crabtree, a depositor in the Anglo-California Trust Company, to said M. D. Bailey and Lillian L. Bailey, his wife, for $1500, and said Crabtree drew his check on said depositary for $1500, payable to the joint order of "M. D. & Lillian L. Bailey". Crabtree delivered the check to his broker, McColgan, for both payees, and McColgan, through his clerk, delivered the same to M. D. Bailey, who wrote on the back thereof "M. D. Bailey, Lillian L. Bailey, her attorney in fact", below which appellant McColgan wrote his name "R. McColgan". The check was then delivered to the French American Bank, which thereupon accepted it, placed its amount to the credit of said M. D. Bailey, and caused it to be presented to the Anglo-California Trust Company, which paid it and charged Crabtree's account. Bailey within three days withdrew all of said money so deposited at the French American Bank and he is now and was insolvent.

Lillian L. Bailey's name, however, had not been written on the check by her or by her authority or her consent, nor

did she receive any money or benefit therefrom. The forgery was discovered within one year.

The evidence is in sharp conflict as to the reason for Mr. McColgan's indorsement. McColgan testified he signed before the payees' name appeared on the back of the check and merely to guarantee that the check itself was good. While Mr. Dupas, vice-president of the French American Bank, who personally directed the transaction with Bailey which resulted in the acceptance of the check by his bank, testified that the indorsement by the Baileys as above set forth, was not satisfactory to the bank, that he had been in doubt as to its regularity (because both signatures look too much alike), and the right of Bailey to sign for his wife. That, therefore, he had already refused to accept the check; that Bailey later returned with McColgan, who declared the signatures to be all right; that he knew it was all right and offered to guarantee it, and to indorse the check for that purpose; that McColgan was well known as a man of large means; that McColgan did thereupon indorse the check; that he (Dupas) was satisfied with McColgan's indorsement and guarantee and therefore he accepted the check on the bank's behalf and at the request of Bailey and gave the latter's private account in said bank credit for the full amount; that he would not have accepted the check without McColgan's guarantee.

As Mr. Dupas' testimony was accepted and found to be true by the trial court, such finding is binding upon this appeal.

Appellant contends: (1) That as the signature of one payee was forged, the respondent bank never acquired a valid title to the check, and was therefore not a holder in due course; (2) that said bank took the note for collection and it did not therefore become a holder in due course; (3) that said bank was negligent in not investigating further and in depositing the money to the individual account of M. D. Bailey.

It is true that if a signature to a negotiable instrument is forged, or made without the authority of the person whose signature it purports to be, no right to enforce payment thereof against any party thereto can be acquired through or under such signature *unless the party against whom* it is sought to enforce such right is precluded from

setting up such forgery or want of authority. (Civ. Code, sec. 3104.)

■ McColgan was an indorser (Civ. Code, sec. 3144), and as such he warranted the regularity of the previous indorsements. His indorsement was unqualified and as such he warranted to all subsequent holders in due course that the instrument is genuine and in all respects what it purports to be; that he has a good title to it; that all prior parties had capacity to contract (Civ. Code, sec. 3146), also that the instrument is at the time of his indorsement valid and subsisting, and, in addition, he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. (Civ. Code, sec. 3147.)

■ Moreover, in this case, the very purpose of the indorsement by McColgan was to guarantee the sufficiency of the prior indorsement, and by his conduct and warranty he is estopped to set up such forgery or want of authority. McColgan, by his representations and conduct having induced the French American Bank to accept and pay to Bailey the full amount of this check, is now estopped to set up as against the bank the want of authority in Bailey to sign for his wife. This is a clear case involving the well-known doctrine of estoppel *in pais*. Under the facts in this case the French American Bank was a holder of the check in due course and for value.

■ The argument that the French American Bank took the note for collection and therefore was not a holder in due course is untenable. Here the bank gave Bailey full credit for the check and he drew the whole sum out of said bank before the forgery was discovered. It therefore paid value, even though it had the right to charge the amount back against its depositor's account. Brady on Bank Checks, second edition, section 72, states: "Where the bank allows the depositor to draw against the deposit, it pays value and will be regarded as a holder in due course, provided, of course, that its title is not defective in some other respect. This is so even though the check was originally received for collection, as where the deposit slip

recites that items are 'credited subject to actual final payment'. The situation is governed by the fact that the bank permits the deposit to be drawn against."

The principle laid down in *Sneider* v. *Bank of Italy*, 184 Cal. 595 [12 A. L. R. 993, 194 Pac. 1021], cited by appellant McColgan, is not applicable here.

■ The argument that the French American Bank cannot recover because of its negligence is likewise untenable.

The mere fact that its vice-president questioned the indorsement does not preclude the bank from challenging the infirmity of the check unless there be circumstances amounting to bad faith. (Civ. Code, sec. 3137.)

From the nature of the signature, the similarity of the writing, the bank, of course, had notice that Lillian Bailey's purported signature was made by her agent. (Civ. Code, sec. 3102.)

Here there was nothing more than a mere doubt as to the right of the agent to sign. Surely, the bank had the right to rely on the statements of a reputable man of good standing like McColgan, and, having so relied, McColgan cannot complain and say that the bank should have gone further.

■ As between the bank and the principal, of course, the bank was bound to inquire, but as between the bank and the guaranteeing indorser, the bank was not obliged to go further, and under the circumstances the bank could have paid Bailey in cash or deposited it to any account he should designate, and the mere fact that the money was deposited in Bailey's private account would make no difference in the decision or be considered as evidence of negligence under the facts.

We have examined the record fully and considered all the points raised by appellant. There is no merit in any of them. The evidence supports all findings.

The judgment against McColgan in favor of said Bank of America of California is affirmed.

It having been stipulated that in the event said judgment was affirmed the judgment in favor of the Anglo-California Trust Company against said Bank of America of California might be affirmed, said judgment is likewise affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 18, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1930.