[Civ. No. 10201.  First Appellate District, Division One.—March 12, 1937.]

G. F. LIMPERT, Appellant, v. DAVE L. WALKER, Respondent.

T. H. Limpert for Appellant.

W. H. Morrissey for Respondent.

THE COURT.—On May 13, 1929, Bernard W. Perkins and wife executed to defendant their promissory note for $1500, and secured the same by a deed of trust of real estate. The note was negotiable in form. On June 8, 1929, the defendant, in consideration of the payment of $1125, endorsed the note to plaintiff and therewith assigned the deed of trust. The endorsement was without qualification, and demand, presentment and notice of nonpayment were waived. The makers of the note paid thereon the sum of $662.38; then defaulted, and the property described in the deed of trust was sold for $200, the expense of the sale being $121.30. The present action was brought to recover from the defendant, as the endorser of the note, the difference between the total amount paid thereon by Perkins, and $78.48, the net amount realized from the sale, and the unpaid principal of the note, namely, the sum of $759.14.

It appears that at the time of the transfer of the note and deed of trust the consideration therefor was placed in escrow with an abstract company, with instructions to pay the same to defendant if the deed of trust was shown to be a first lien

on the real property described therein. The abstract company paid the amount so deposited to the defendant, but it subsequently appeared that there were prior liens against the property for street improvements, aggregating $162.10. This amount was then paid by the company to plaintiff.

As defenses to the action defendant alleged that the latter sum should be credited on the note, and that the note having been sold for less than its face, plaintiff's recovery should be limited to the amount paid therefor. The trial court accordingly entered judgment in plaintiff's favor for $222.02, with interest, which was the difference between the sum of $1125 and the net amount received from the sale, that paid by the abstract company and the sum paid thereon by Perkins, aggregating $902.98.

The plaintiff, who has appealed, contends that she was entitled to recover the face of the note less the amount paid by Perkins and the sum received from the sale, namely, $759.14, with interest.

According to the escrow agreement the deed of trust was to be a prior lien. When it later appeared to be subsequent to other liens the security for which plaintiff had bargained was reduced to that extent. The abstract company, when it paid the amount in escrow to the defendant, did not become obligated to him on account of the mistake but to the plaintiff, and the sum paid was in satisfaction of her damage. It was not paid on the note but merely to make good her security. It is clear from these facts that the defendant has no claim to this sum, as plaintiff, who purchased the property, will be compelled to satisfy the prior liens in this amount. The plaintiff was the holder in due course of a negotiable instrument (Civ. Code, sec. 3133, sec. 3265) ; and the defendant, by endorsing without qualification, engaged (presentment and demand and notice of nonpayment having been waived) that it should be paid according to its tenor, and that if it were not, he would pay it (Civ. Code, sec. 3138, sec. 3147). Consequently, other things being equal, the plaintiff in the present case was entitled to recover the unpaid principal sum of the note with interest. (*Hurlbut* v. *Quigley,* 180 Cal. 265 [180 Pac. 613] ; *Stradley* v. *Tout,* 65 Cal. App. 530 [224 Pac. 469] ; *Anglo-California Trust Co.* v. *French American Bank,* 108 Cal. App. 354 [291 Pac. 621].)

■ The defendant further urges that the discount made the transaction usurious. It is not suggested that anywhere in the transaction was there a loan or forbearance of money, or that the one which preceded it was tainted with usury. As held in the following cases, the mere sale of the note at a discount is not affected by the usury law: *Verbeck* v. *Clymer,* 202 Cal. 557, 563 [261 Pac. 1017]; *Baker* v. *Butcher,* 106 Cal. App. 358, 367 [289 Pac. 236]; *O. A.Graybeal Co.* v. *Cook,* 111 Cal. App. 518, 535 [295 Pac. 1088]; *Coast Finance Corp.* v. *Powers Furniture Co.,* 105 Or. 339 [209 Pac. 614, 24 A. L. R. 855]; 11 Cal. Jur. (Supp.), sec. 15, p. 117.

We are satisfied that under the statutes and according to the authorities above cited the plaintiff was entitled to recover the amount prayed.

Judgment is accordingly reversed, with directions to the trial court to enter judgment for plaintiff in the sum of $759.14, with interest thereon at the rate of eight per cent per annum from February 14, 1933, together with her costs.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 10, 1937.