[Civ. No. 2820. First Appellate District, Division One.—June 5, 1919.]

## MARIA SJOHOLM DUFF, Appellant, v. WALTER L. HOGAN et al., Respondents.

[1] JUDGMENTS—CONFLICTING EVIDENCE—REVERSAL.—The reversal of a judgment of a trial court cannot be predicated upon a conflict of evidence.

[2] VENDOR AND VENDEE—FALSE REPRESENTATIONS—FINDINGS—EVIDENCE.—In this action for damages alleged by plaintiff to have

been sustained by her by reason of having entered into a contract with one of the defendants for the purchase of certain real property induced by the false representations of the agents of such defendant, the finding of the trial court that the representation complained of was not made is amply sustained by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

H. M. Anthony and Arthur W. Perry for Respondents.

RICHARDS, J.—This is an action for damages alleged by plaintiff to have been sustained by her by reason of having entered into a contract with the defendant, William B. Dean, for the purchase of real property induced by the false representations of his agents, Walter L. Hogan, and William Burns. Judgment was entered in favor of defendants Dean and Hogan for their costs, the action having been dismissed as to Burns. The plaintiff appeals.

It appears from the record that the plaintiff was the owner of a house and lot in the city of Alameda, upon which there existed a mortgage of two thousand dollars, when she was approached by the defendant Burns, with whom she had a business acquaintanceship, with a proposal that she should exchange said property for country lands. Burns had a working agreement with Hogan, a real estate dealer and broker, who was engaged in selling farm lands in San Joaquin County, including a tract of twenty-five acres belonging to his codefendant Dean, by which Burns introduced to Hogan prospective purchasers and received as compensation for such introduction and any further services rendered in assisting subsequent negotiations, a part of Hogan's commission. Burns having reported to Hogan the possibility of selling land to the plaintiff if her Alameda property were taken in whole or part payment therefor, Hogan examined her property, and a few days later with Burns accompanied her to San Joaquin County, and there showed her various tracts of land that he had for

sale, including the twenty-five acres above mentioned. After some negotiations, a contract was entered into between plaintiff and Dean, through the agency of Hogan, by which plaintiff agreed to buy said acreage for the price of $6,250, being at the rate of $250 per acre, payment to be made by transferring to Dean said Alameda property, subject to the mortgage thereon, and paying two thousand dollars in two years, with interest. The plaintiff had expected to be able to sell this acreage in a comparatively short time at an advanced price, and for that purpose listed it with Hogan, but no sale having been effected at the time the said balance became due, she visited the locality of the land and there made inquiries as to its value, and learned that it could not be sold for any sum approaching the price at which she had agreed to buy it. The defendant Dean having in the meantime disposed of the Alameda property, the plaintiff commenced this action for damages, alleging that the contract entered into by her was obtained by the false representations of Dean's said agents.

The alleged false representation, and the only one upon which she bases her action, is that Dean's agents represented to her, in order to induce her to enter into the contract, that the market value of the acreage property was $250 per acre—the price at which it was valued in the transaction. The making of this representation was denied by the defendants' answer, and the court found that such representation was not made. The court also found that Hogan was not the agent of Dean in the transaction, and it also made findings as to the value of the two parcels of property involved. These findings are attacked by the appellant as not supported by the evidence.

The findings as to the agency of Hogan and the market value of the respective pieces of property may be disregarded, for it is clearly apparent from the record that the court was fully justified in its finding that the alleged false representation was not in fact made. Hogan, who is charged in the complaint with having made this representation as to the market value, categorically denies it, his testimony being that the values placed upon both the plaintiff's and the defendant Dean's land were trading values, and that the question of market value was never mentioned. Even the testimony of the plaintiff herself falls short of

substantiating her charge. She testified: "I asked him the price of it and he said it was $250 an acre. He said . . . the land was worth $250 an acre." The plaintiff's husband was the only other witness on the subject of Hogan's representations as to value, and he testified: "He said the land would produce almost anything; it was a very fine piece of land, and I asked him if he was selling land around that price, and he said yes, and he said land there was worth $250, $275, and three hundred dollars an acre right around there." [1] Even if we regard this testimony as relating to market value, it at most produces a conflict of evidence, upon which a reversal of the finding of the trial court cannot be predicated. The finding is fortified by the trial court's further finding that the figure at which the plaintiff's own property was taken in the transaction was far in excess of its market value. [2] Under these circumstances, we think the finding of the trial court that the representation complained of was not made is amply sustained by the evidence.

The plaintiff having thus failed in the proof of her cause of action, the remaining questions discussed in her brief are of no practical interest.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.