[Sac. No. 4055. Department Two.—September 1, 1928.]

J. CLARENCE RICE, etc., Appellant, v. J. T. DUNLAP et al., Respondents.

J. C. C. Russell for Appellant.

John G. Covert for Respondents.

LANGDON, J.—This is an appeal by plaintiff from a judgment denying recovery upon a promissory note signed by the defendants. The complaint is the usual one upon a promissory note and sets forth the note, dated Hanford, California, January 30, 1924, payable one year from date, in the sum of $5,550, with interest at the rate of seven per cent per annum and providing for the payment of attorney's fees in the event legal action became necessary to enforce payment.

In the answer it is alleged that the consideration for said note was only $5,000, but the due execution and delivery of the note and its nonpayment are admitted, but it is asserted that $3,251.75 is due upon the note and no more. This amount is arrived at because of the further allegations of the answer to the effect that the defendants had originally given a note to plaintiff for $5,000, which had become due at the time of the execution of the note involved in this action; that defendants could not pay the same and that plaintiffs

exacted an additional $550 as a bonus for the renewal of this note for one year and added such bonus to the face of the renewal note and that interest aggregating $582.75 had been paid upon said renewal note, which interest was usurious because of the inclusion in the principal of the additional $550. The answer prays that treble the amount of said usurious interest so paid by defendants, or the sum of $1,748.25 be allowed as a credit upon the $5,000 note.

The trial court found that the note had been executed by defendants; that the consideration therefor was $5,000 and no more; that the note was unpaid and that no part of the said note or interest thereon remains due, owing or payable. The court concluded that the consideration exacted by plaintiff for the execution of said note was usurious and that plaintiff should recover nothing in the action and that defendants should recover their costs.

The plaintiff demurred to the answer upon numerous grounds, among which are: That the defense is barred by the provisions of subdivision 3 of Act 3757 of the General Laws of California and by subdivision 1 of section 340 of the Code of Civil Procedure. The demurrer was sustained as to the first and second counterclaims seeking to set off treble the amount of interest paid on July 31, 1924, and on January 30, 1925, and overruled as to the counterclaim for treble the amount of interest paid on July 30, 1925. The complaint was filed in March, 1926.

The judgment is erroneous under the rule laid down in the case of *Haines et al.* v. *Commercial Mortgage Co. et al.*, 200 Cal. 609 [53 A. L. R. 725, 255 Pac. 805, 806], wherein it was said: "Even a casual reading of the statute itself shows that the legislative intent was not to declare the whole contract void, but only the portion thereof relating to interest." Judgment should have been entered for plaintiff for the amount of the original note, $5,000, plus attorney's fees and costs, unless it is permissible for the defendants to recover treble the amount of interest paid by way of counterclaim or setoff. The objections made by plaintiff and appellant to this procedure upon the part of defendants are twofold and arise out of the provisions of the statute relating to usurious interest. Subdivision 3 of Act 3757 of the General Laws of California reads, in part, as follows: "Every person . . . who for any loan or forbearance of

money . . . shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two, may . . . recover in an action at law against the person . . . who shall have taken or received the same . . . treble the amount of money so paid or value delivered in violation of said sections, providing such action shall be brought within one year after such payment or delivery.''

It is contended, first, that since the statute creates a new right and also provides a remedy for its enforcement, that remedy is exclusive and the position is taken that the aggrieved party must bring a separate and independent action in order to recover the penalty. The second contention is that the aggrieved party must exercise his statutory right within one year. We think the position of appellant is well taken as to the second objection and the trial court so concluded in sustaining the demurrers to the first and second counterclaims of defendant. As to the third counterclaim, which sets up a claim for treble the amount of interest paid within the period of one year, the demurrer was properly overruled. The objection that such claim might only be asserted in a separate action and not by way of counterclaim has been considered and answered by us, contrary to the contention of the appellant herein, in an opinion filed this day in the case of *J. Clarence Rice, etc.,* v. *J. T. Dunlap, ante,* p. 133 [270 Pac. 196], of the record of this court, involving the plaintiff herein and one of the defendants herein and concerning another transaction between said parties also held to be usurious. For the. reasons stated in that opinion, we hold in the instant case that the assertion of the counterclaim for treble the amount of interest paid is proper, provided it is so asserted within the prescribed period of one year.

The judgment is reversed.

Shenk, J., and Richards, J., concurred.