[S. F. No. 12652. In Bank.—October 15, 1929.]

GEORGE E. DUKE et al., Appellants, v. IRVING S. LEVY et al., Respondents.

Robert ·E. Hatch and G. E. Duke, *in pro. per.*, for Appellants.

Owen D. Richardson for Respondents.

RICHARDS, J.—There are in the record herein six separate appeals in three cases wherein the parties are substantially the same and the facts are similar. The first three of these appeals are, respectively, from the judgment in each of said actions. These three actions were consolidated by stipulation of the parties for the purposes of trial and appeal and are presented upon a single transcript and the same briefs. The other three appeals are from an order made in each case after final judgment vacating a prior order of the trial court staying proceedings upon the judgment in each case pending appeal. In the three main appeals the facts are as stated in the findings of the trial court and are practically undisputed. The sole question of law upon each of said appeals is as to whether the judgment in each is supported by the findings. Each of said actions was instituted by the plaintiffs and appellants herein for the purpose of having certain transactions between the parties declared to be usurious and to have it adjudged that certain notes and trust deeds made and executed in the course of these transactions were void for usury.

The facts in the first of these cases, as found by the trial court, are briefly as follows: On or about March 14, 1925,

the plaintiffs borrowed from the defendant Meyerfield the sum of $2,000 and thereupon made, executed and delivered to him their promissory note for $2,500, payable one year after date and bearing interest at the rate of one per cent per month; and as security therefor made, executed and delivered to him a deed of trust in the usual form upon certain real property in Alameda County, by the terms of which the defendant San Jose Abstract and Title Company was designated as trustee and was authorized and empowered to sell said real property at trustee's sale in the event of the failure of the makers of the promissory note to make payment thereof and of the interest thereon in accordance with its terms. By mesne assignments the promissory note and trust deed were transferred successively to the defendants Irving S. Levy, Federal Finance and J. D. Shaw, the latter of whom is now the owner and holder thereof. The court found that said assignments were not for value but merely for collection, and further found that no part of said sum of $2,500, the face value of said promissory note, or of the sum of $2,000, the amount of money actually borrowed by the plaintiffs, or of the interest thereon, had been paid. As conclusions of law from the foregoing findings of fact the court found that said promissory note and deed of trust securing the same were and each was valid and enforceable for the principal sum of $2,000 and no more, and that the trustee in said deed of trust was entitled to sell the real property described therein to satisfy said indebtedness of $2,000 and no more, as provided in the deed of trust. The judgment of the trial court followed said findings of fact and conclusions of law and upon the entry thereof the plaintiffs have prosecuted this appeal.

In the second of said causes the parties are substantially the same, except that the wife of the plaintiff Duke is omitted, and the added defendants E. E. Pitman, Mary Alice Pitman and August M. Saleneek were never served with process and did not appear therein. The facts in this case as found by the trial court are briefly as follows: On March 9, 1925, the plaintiff George E. Duke borrowed from said defendant Meyerfield the sum of $10,000, and as security therefor caused to be made, executed and delivered to Meyerfield a certain promissory note of said defendants E. E. Pitman and Mary Alice Pitman, his wife, for said

principal sum, payable one year after date, with interest thereon at seven per cent per annum; and thereupon also and as security for said last-named instrument caused to be made, executed and delivered to the defendant Meyerfield another certain promissory note of defendant Saleneek for the principal sum of $8,500 payable one year after date, with interest thereon at the rate of seven per cent per annum. As security for the payment of the promissory note executed by Pitman and his wife the plaintiff caused to be made, executed and delivered to the defendant Meyerfield by the defendants Pitman and wife a certain deed of trust covering certain real property in the county of Merced, wherein Meyerfield was named as beneficiary and defendant San Jose Abstract & Title Company as trustee with authority to sell said real property in the event that said principal sum of $10,000 and the interest thereon were not paid in accordance with the terms of said promissory note; and as further and additional security for said note caused to be made, executed and delivered to Meyerfield by one August M. Saleneek, also a defendant herein, a deed of trust of certain real property in the city of Oakland, of which trust deed also the defendant San Jose Abstract & Title Company was designated as trustee with the usual powers. The trial court further found that by mesne assignments said promissory notes and deeds of trust had been assigned successively to Irving S. Levy, Federal Finance and J. D. Shaw, and that the latter was now the owner and holder of said notes and deeds of trust, but that said assignments were and each of them was made for collection only. The court further found that the plaintiff at the time of the commencement of this second action was and still is the owner of the real property described in the deed of trust executed by said Saleneek as aforesaid; and further found that the plaintiff had paid upon account of interest upon the principal sum of $10,000 due and owing from himself to said defendant the sum of $49.50, which sum the trial court found to have been a usurious payment and that the plaintiff was entitled to have a recovery of treble the amount of said interest so paid. In addition to said sum of $49.50 paid by the plaintiff as interest on the Saleneek note it appears from the brief transcript herein that the defendant Pitman delivered to the plaintiff Duke the sum of $358.25 which the plaintiff

was to transmit to the holder of the Pitman note as interest thereon and which the plaintiff Duke did so transmit. The trial court apparently treated said payment as one made by the Pitmans to the owner and holder of their said promissory note through their intermediary, the plaintiff Duke, and that as to said plaintiff, being a mere intermediary, he was entitled to neither credit nor deduction on account of said payment, and hence that transaction is omitted from the findings of the trial court. As conclusions of law from the foregoing findings of fact the trial court found that the total sum due and owing from plaintiff to the defendant Shaw was the principal sum of $9,851.20 and no more, which sum was arrived at by deducting from the principal sum of $10,000 the trebled interest paid by the plaintiff as aforesaid, and that as to the remaining sum of $9,851.20 the said promissory notes and deeds of trust were valid and enforceable and that the trustee named in each thereof was entitled to sell successively the real property described in said deeds of trust and to apply the proceeds derived from such successive sales to the payment of the aforesaid principal sum of $9,851.20 and no more. In his complaint in said second cause the plaintiff undertook to allege upon his information and belief that as to the Saleneek transaction there was an agreement between the plaintiff and said Levy to the effect that the sum of $8,500 represented in said transaction was to be divided between the plaintiff and Levy and that the amount to be thus received by Levy was to constitute a bonus to be received by him for negotiating said loan of $10,000 from Meyerfield to the plaintiff. These averments in the plaintiff's amended complaint were, however, fully denied by the defendants both in their pleadings and in their proofs offered at the trial of the cause. The trial court apparently gave no credence to the plaintiff's pleadings and proof in that regard, but found the transaction in so far as the Saleneek note was concerned to be that which upon its face it appeared to be, that is to say, security for the Pitman note, and which was to be resorted to by the trustee only in the event that the Pitman deed of trust was found insufficient to satisfy the original loan of $10,000 from Meyerfield to the plaintiff Duke, and that as to said transaction the plaintiff was entitled to no deduction or recovery based upon the ground that said agreement for a bonus had

been in fact made, or, if made, had ever been carried into effect. The trial court accordingly made its decree in effect denying to the plaintiff any relief based upon the payment of the sum of $358.25 made by the Pitmans, or by reason of the alleged agreement for a bonus to the extent of one-half of the Saleneek note, which the trial court, inferentially at least, found to have never been made. From the decree thus made and entered the plaintiff has prosecuted his second appeal.

In the third of said actions the parties thereto are the same as those named in the first of said actions and the facts thereof, as found by the trial court, are briefly as follows: On or about March 23, 1925, the plaintiffs borrowed from the defendant Meyerfield the sum of $3,500, and no more, and thereupon made, executed and delivered to him their promissory note for $5,000, payable one year after date, with interest at the rate of seven per cent per annum, and, as security for the payment thereof, made, executed and delivered to Meyerfield a deed of trust of certain real estate in the county of Alameda, of which deed of trust Meyerfield was designated as the beneficiary and San Jose Abstract & Title Company the trustee, with the usual powers, and which promissory note and deed of trust descended by mesne conveyances through the said defendants Irving S. Levy and Federal Finance to J. D. Shaw, who was and is the owner and holder thereof, but which assignments the court found were not for value, but for collection only. The court further found that no part of the principal or interest of said note had been paid and that the plaintiffs had only received upon the principal sum thereof the sum of $3,500, which sum remained unpaid. The trial court also found that said promissory note and deed of trust were valid and enforceable for the principal sum of $3,500, and no more, and that the trustee was entitled to sell said real property under the terms of said deed of trust for the payment of said indebtedness of $3,500, and no more. A decree was entered accordingly, from which the plaintiffs have taken their third appeal.

Upon the taking of their respective appeals the plaintiffs caused to be prepared and certified a brief transcript, under the provisions of section 953a of the Code of Civil Procedure, which the parties hereto have stipulated to be a full,

true and correct transcript of the record upon the trial of said actions, and which is chiefly devoted to a statement of the evidence *pro* and *con* as to the alleged agreement for a bonus to be derived by one or other of the said defendants from the transaction involved in the Saleneek note, and which was apparently discredited by the trial court.

The appellants insisted before the trial court and urged upon this appeal that as to the first of the above causes they were entitled under the Usury Act (Stats. 1919, p. lxxxiii) to have the difference between the sum of $2,000, which they actually received upon the loan in question, and the sum of $2,500, for which they gave their note and trust deed to the defendant Meyerfield, trebled and deducted *pro tanto* from the amount of their debt; and in the third of said actions they insisted, and here urge, that they were entitled to have the sum of $1500, representing the difference between the amount which they received and the $5,000 for which they gave their note and trust deed in that transaction, also trebled and deducted from that indebtedness. The trial court, however, upon the authority of our recent decision in the case of *Haines* v. *Commercial Mortgage Co.,* 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805], held that the plaintiffs were not entitled to said deduction, for the reason, as stated in that decision, that the transaction as to the legal and illegal portions thereof was severable, and that it was not the legislative intent, as expressed in said act, to declare the whole contract void, but only such portion thereof as came within the inhibition of the statute. We fully approve our former decision and the application which the trial court made thereof to the first and third causes of action, with relation to which the plaintiffs have prosecuted their present appeal.

As to the second of said causes of action the trial court found and decided that as to the sum of $49.50 actually paid by the plaintiff as interest he was entitled to have the same trebled and deducted from the total sum of $10,000 borrowed by him from the defendant Meyerfield. The respondents do not quarrel with this conclusion and we, therefore, see no reason to further comment upon it. As to the payment, however, of the sum of $358.25 paid as interest upon the Pitman note and mortgage the trial court apparently treated said sum as having been paid thereon by

the Pitmans, who merely used the plaintiff as the intermediary to transmit said sum to the then holder of their obligation. The testimony of the plaintiff Duke himself fully supports this finding and hence also supports the conclusion of law which the trial court based thereon to the effect that the plaintiff, not having actually paid any other sum than said $49.50 as usurious interest, he was not, upon the authority of *Haines* v. *Commercial Mortgage Co., supra*, entitled either to recover any other than the said amount or to have the amount thereof trebled and deducted from his indebtedness. As to this conclusion also there can be no doubt of its correctness upon the authority of the Haines case.

This leaves for consideration upon this particular appeal only the appellant's contention that there existed an agreement between himself and the defendant Levy by which they were to divide between themselves the sum of $8,500, which was represented by the Saleneek transaction. But, as we have already seen, the evidence upon that subject was conflicting and the trial court found, inferentially at least, against the plaintiff's contention. But even if it were to be conceded that the pleadings and evidence in the case were such as to have justified the trial court in coming to the conclusion for which the plaintiff contends, he would still be entitled to no relief in the present action for the reason that no sum of money has ever been paid or collected on account of the Saleneek transaction, and hence, upon the authority of the Haines case, no state of facts has arisen to which the usury laws can be given application.

It follows that as to the three main appeals the judgment of the trial court must be and is hereby affirmed.

With regard to the three other appeals from the order of the trial court after final judgment, which had the effect of vacating and setting aside a prior order which had been made by the trial court staying execution of the judgment upon each of said main appeals the facts were these: The plaintiffs commenced and prosecuted each of said actions for the purpose of having such sums in each as were claimed to come within the interdiction of the Usury Law trebled to the reduction of their admitted indebtedness to one or the other of the defendants in each of said cases, and which but for such claimed reductions would remain wholly

due, payable and unpaid and would be subject as to the collection thereof to the provisions of the respective deeds of trust which had been given to secure each of said respective obligations. The trial court by its decree in said cases adjudged that as to the legal portion of the obligation in each of said transactions the promissory note and deed of trust were enforceable under the terms and in the manner provided in the deed of trust executed by the plaintiffs. Such was the full force and effect of the decree of the trial court in each of said causes, and this being so, it would seem to be apparent upon the taking of the appeal in each instance the plaintiffs would not be entitled to give a stay bond under the provisions of section 945 of the Code of Civil Procedure, since there was nothing in either or any of said decrees to which the provisions of that section of the code could be given application. It follows that when the trial court by its order made *ex parte* undertook to fix the amount of a stay bond and to approve the undertaking to stay the execution of said decrees it was acting beyond its jurisdiction, and its orders made *ex parte* in that behalf were subject to be set aside upon proper application. (*Eisenberg* v. *Superior Court*, 193 Cal. 575 [226 Pac. 617].) It is no doubt true that the trial court possessed the power to incorporate in its judgment in each of said causes a provision suspending its operation and effect pending appeal, but the plaintiffs sought no such suspensory order prior to the perfection of their appeal to the District Court of Appeal and have made no application for that form of relief either to that or to this tribunal, but contented themselves with an appeal from the orders made by the trial court respectively, vacating its prior invalid order staying execution under a section of the code which did not have application to the situation presented upon each of said appeals.

It follows that the plaintiffs' three latter appeals were ineffectual and that the orders of the trial court from which they were respectively taken must also be and they are hereby affirmed.

Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.