[Civ. No. 4728.   Third Appellate District.—January 21, 1933.]

WEST COAST BUILDERS, INC. (a Corporation), Appellant, v. PACIFIC STATES AUXILIARY CORPORATION (a Corporation) et al., Respondents.

Hare & Walden and A. G. Reily for Appellant.

Gibson, Dunn & Crutcher and Keith Bullitt for Respondents.

PLUMMER, J.—The plaintiff began this action to enjoin the foreclosure of a certain trust deed securing a note executed by a remote predecessor in title. A demurrer to the second amended complaint was sustained without leave to amend. From the judgment of dismissal entered thereafter, this appeal is prosecuted.

The amended complaint alleges that one Alma C. Tadlock executed a promissory note to the Pacific States Savings and Loan Company, in the sum of $9,650; that the sum of $9,650 was not paid or delivered to the said Alma C. Tadlock at the time of the execution of the note, but that there was deducted therefrom and withheld by the said Pacific States Savings and Loan Company a sufficient sum to render the note usurious. The note was secured by a trust deed. After the execution of the note and trust deed, Alma C. Tadlock conveyed the property to Isabell Barnett, subject to the trust deed. Isabell Barnett in turn conveyed the property to the appellant, subject to said deed of trust.

It is further alleged that the plaintiff desires to bid at the foreclosure sale to be had of said property, and is entitled to credit for the amount alleged not to have been received by Alma C. Tadlock.

For the purposes of this decision it may be admitted that the note, as to Alma C. Tadlock, was usurious. This, however, does not affect the validity of the note as to the principal sum to secure which the trust deed was executed. (*Findley* v. *Wyatt*, 113 Cal. App. 233 [289 Pac. 80]; *Duke* v. *Levy*, 208 Cal. 376 [281 Pac. 496]; *Rice* v. *Dunlap*, 205 Cal. 133 [270 Pac. 196]; *Davis* v. *Westphal*, 102 Cal. App.

148 [182 Pac. 800]; *Van Noy* v. *Goldberg*, 98 Cal. App. 604 [277 Pac. 538].)

Irrespective of whether the note as to Alma C. Tadlock was usurious, the acquisition of title to the real estate covered by a trust deed securing the note does not make the plaintiff privy to the usurious transaction. This question is definitely settled by the case of *Esposti* v. *Rivers Bros.*, 207 Cal. 570 [279 Pac. 423]. We need only to quote the following from the opinion in that case: "That proposition of law broadly stated, is that a grantee of property taken subject to a usurious loan, the amount of which is deducted from the purchase price, will not be permitted to complain of usury in the inception of the loan. The respondents, on the other hand, present an amplitude of authorities upholding this proposition, and showing it to be in this, as well as in most other jurisdictions of this country, well settled law." The decisions cited in the Rivers case show that the question is settled in this state beyond controversy, that a grantee subject to a trust deed such as presented in this case, has no cause for complaint, even though the original transaction to which the grantee is not a party is usurious.

The judgment is affirmed.

Thompson (R. L.), J., and Pullen, P. J., concurred.