[L. A. No. 17835.   In Bank.   Apr. 21, 1942.]

Z. CAMPBELL, Appellant, v. REALTY TITLE COMPANY, LTD. (a Corporation) et al., Respondents.

Charles J. Kelly for Appellant.

Ben Gould for Respondents.

CURTIS, J.—The plaintiff is the owner of a parcel of real property situated in the city of Los Angeles on which there was a deed of trust given to secure the payment of a promissory note. He defaulted in the payment of said note and his property was being advertised for sale in pursuance of the terms of said deed of trust. The day before the date of sale he met an associate of the defendant Weisbrod and offered to pay him $1,500 if he could "save the property and arrange a new loan." The matter was taken up with defendant Weisbrod the next morning and Weisbrod agreed to advance the money and did so before the sale of the property. The proceedings under the deed of trust were stopped and the property was discharged from the lien of said deed of trust. Sub-

sequently a loan was obtained and a deed of trust given on said real property to secure the loan. The loan was sufficient, after deducting certain expenses incurred in securing it, to pay Weisbrod in full for the amount of money he had advanced to plaintiff to discharge the deed of trust under which the property was to be sold, except the sum of $145.24. This amount, together with the sum of $1,500 which plaintiff agreed to pay for saving the property from the sale under the earlier deed of trust, was included in a new note which was executed by plaintiff in favor of defendant Weisbrod and secured by a second deed of trust upon said real property.

Claiming that plaintiff was in default in the payment of said last mentioned promissory note, the defendant Realty Title Company, Ltd., the trustee named therein, gave notice of default and was proceeding to sell said real property pursuant to the terms of said last mentioned deed of trust. Plaintiff instituted this action to enjoin said sale, contending that the transaction of which said last mentioned note and deed of trust were a part and the said note and deed of trust were usurious and therefore unenforceable against the plaintiff. The action came up for trial before the court upon a stipulation of facts and without further evidence.

■ We are satisfied from a study of the stipulation of facts that the implied finding of the trial court, that there was due and unpaid to defendant Weisbrod from plaintiff the sum of $145.24 as hereinbefore set forth, was correct. Conceding that the agreement of plaintiff to pay defendant Weisbrod the sum of $1,500 for the services rendered as above stated was usurious, the inclusion in one promissory note of that amount with the item of $145.24 did not render the whole note usurious. (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 622 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725] ; *Rice* v. *Dunlap*, 205 Cal. 138, 139 [270 Pac. 199] ; and *Wolpert* v. *Gripton*, 213 Cal. 474, 483 [2 P. (2d) 767].)

The case of *Rice* v. *Dunlap*, *supra*, is squarely in point. In that case the defendant had executed a note for $5,550. Previous to the execution of said $5,550 note, plaintiff held defendant's note for $5,000 which had become due and which defendant desired plaintiff to renew. Plaintiff exacted an additional sum of $550 for the renewal and the note in suit was then executed which included said bonus of $550. The trial court concluded that the consideration exacted by plaintiff for the execution of said note was usurious and that plain-

tiff should recover nothing in the action and that defendants should recover their costs. This court stated:

"The judgment is erroneous under the rule laid down in the case of *Haines et al.* v. *Commercial Mortgage Co. et al.*, 200 Cal. 609 [53 A. L. R. 725, 255 Pac. 805, 806], wherein it was said: 'Even a casual reading of the statute itself shows that the legislative intent was not to declare the whole contract void, but only the portion thereof relating to interest.' Judgment should have been entered for plaintiff for the amount of the original note, $5,000, plus attorney's fees and costs . . ."

Evidently the trial court followed the rule announced in the authorities just cited, as it rendered judgment that before the plaintiff secure a release of said deed of trust he should make certain payments, and when said payments were made, the deed of trust should be released of record, but in the event of failure to make said payments as directed therein, the injunction against the foreclosure of said deed of trust was "thereupon to be at once dissolved, without the further order of the court."

The payments which the court ordered plaintiff to make before said deed of trust was to be released, amounted to the sum of $1,780.21. Plaintiff has appealed from the judgment as a whole, which includes of course the portion thereof respecting said payments. The consideration of the questions raised thereunder requires a further statement of the facts in the case. As noted before, the deed of trust here involved is a second deed of trust on said property of plaintiff. The first deed of trust was given to secure a promissory note for $5,000 and interest payable $75 per month. The one here involved, which we will refer to as the second deed of trust, recited the fact that it was subject to the deed of trust given to secure the sum of $5,000, and then provided that plaintiff should pay the taxes and all encumbrances and liens which appear to be part of the second deed of trust, and in case of his failure to do so, the beneficiary or trustee could make said payments and the sum so paid would be deemed secured by said deed of trust.

It might be well to here state that while there is no direct statement in the stipulation of facts, nor any finding, nor any conclusion of law, nor any declaration in the judgment that the $1,500 charge for procuring funds to pay the original deed of trust under which plaintiff's real property was noticed for

sale was usurious, yet it is evident that the trial court did not include this amount in the payments which it required plaintiff to make in order to redeem his property from the second deed of trust.

In the "Findings and Judgment" entered by the court in this case is the statement and finding that "This court finds . . . that there is now due to defendant Peter O. Weisbrod from the plaintiff . . . $1,780.21 advanced by said defendant . . . for the purpose of paying principal and interest on the deed of trust (the $5,000 deed of trust) set forth on page 7 of said stipulation, and fire insurance premiums and taxes . . . and other charges." The stipulation of facts shows that defendant Weisbrod paid out the sum of $1,400.97 on account of taxes on said real property and installment payments of principal on the $5,000 note secured by said first deed of trust, and that he paid out other miscellaneous amounts, all of which together with said sum of $145.24, hereinbefore discussed, less a credit of $140 paid by plaintiff, amount to the sum of $1,780.21, the amount the court required plaintiff to pay in order to secure a release of said deed of trust.

Plaintiff objects to the five miscellaneous items amounting to $374, made up of attorney's fees and foreclosure costs. These expenditures were all authorized by the second deed of trust and their payment secured by its terms.

Therefore, it appears from this discussion of the judgment that none of the payments which the plaintiff was required thereby to make in order to obtain a release of his property from the lien of the second deed of trust was a part of nor was any of them in any way affected by any usurious contract to which the parties hereto may have agreed. It also satisfactorily appears that all items of expenditure to which plaintiff has objected were authorized by said deed of trust and covered by said stipulation of facts.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.