[Civ. No. 4116. Third Appellate District.—June 11, 1930.]

LORIN L. BAKER et al., Appellants, v. W. H. BUTCHER et al., Respondents.

A. G. Reily for Appellants.

Flint & MacKay and Wesley L. Nutten, Jr., for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment against the plaintiffs in a suit for declaratory and injunctive relief against the foreclosure of a trust deed on the ground that the note secured thereby was executed in conflict with the usury law of California and void.

The plaintiffs were the owners of lots one and two, block four of Ocean Pier West in Long Beach, Los Angeles County. The complaint alleges that on December 12, 1924, they borrowed $16,200 from the Los Angeles Investment Securities Corporation for which they executed a promissory note for $20,000 payable January 1, 1926, with interest at eight per cent per annum secured by a trust deed on said property; that the premium represented by the difference between the amount of said loan and the principal sum of the promissory note, together with interest thereon, constitutes usury and renders the note and trust deed void to the extent of all interest and bonus in excess of said sum of $16,200, under the provisions of the California "Usury Law" (Stats. 1919, p. lxxxiii; Deering's Gen. Laws 1923, Act 3757, p. 1384); that the California Title Insurance Company, which is the trustee named in said trust deed, threatens to foreclose said trust deed and sell the property for default in the payment of the principal sum of said note and interest and prays that the foreclosure of the trust deed be enjoined and that it be determined that the note and trust deed are void with respect to the interest and principal sum in excess of $16,200.

The answer controverts the material allegations of the complaint and affirmatively pleads estoppel *in pais,* and alleges that for a valuable consideration the plaintiffs, on December 12, 1924, executed and delivered in escrow, for the defendant W. H. Butcher a promissory note for $20,000, due January 1, 1926, bearing interest at the rate of eight per cent per annum, secured by a duly executed trust deed on the Los Angeles County lots above described; that the Los Angeles Investment Securities Corporation, on January

23, 1925, purchased said note and mortgage from Butcher, the payee, for the sum of $17,600, which was paid; that the note and trust deed were duly assigned to said purchaser on the last-named date; that the Los Angeles Investment Securities Corporation was an innocent purchaser of said note and trust deed before maturity for a valuable consideration, without knowledge of the alleged usurious infirmity, and that the makers of the note were in default in the payment of both the principal and interest thereof, whereupon notice of foreclosure was duly given. Judgment of foreclosure and an order of sale were prayed for.

Upon trial the court found that the Los Angeles Investment Securities Corporation was the owner and holder of the note and trust deed as the purchaser thereof before maturity for a valuable consideration without knowledge of the alleged infirmity thereof; that the note constitutes a valid subsisting obligation of the makers duly secured by the trust deed upon the premises described; that the makers of the note were in default of payment of both principal and interest thereon together with money advanced under the terms of the trust deed in the additional sum of $1422.25; that the plaintiffs are estopped from maintaining the defense of usury and that the owner of said note and trust deed is therefore entitled to foreclose the deed pursuant to the terms thereof, and to sell the property to satisfy its lien as prayed for.

The record shows that plaintiffs own the Long Beach lots in question. Prior to December 12, 1924, the lots were subject to a mortgage to secure a previous loan from other parties of the sum of $30,000. About December 1, 1924, the plaintiffs approached W. H. Butcher, whom they had not before known, and asked him to negotiate a loan for them of $20,000. It was arranged that the promissory note for that sum secured by a trust deed on their Long Beach lots, should be executed in the name of Butcher and placed in escrow with the California Title Insurance Company. These instruments were drawn and dated December 12, 1924, and left with said Title Insurance Company with appropriate, written instructions from the payee. They were, however, not then executed. Mr. Butcher then procured Dora C. Fennell, a real estate agent and loan broker of Los Angeles, to sell the note and trust deed. On January

14, 1925, she orally offered for sale to the Los Angeles Securities Company the instruments above mentioned stating that they were placed in escrow with the Title Insurance Company. At the request of the proposed purchaser, the broker Fennell made a written statement of the alleged loan together with the value, the encumbrance on the property and the terms of the note and trust deed. She offered to sell these instruments at ten per cent discount from the face value thereof. Butcher, who was named in the note as payee, was in no way associated with the Los Angeles Investment Securities Corporation, was an entire stranger to it, and had no direct communication with this firm regarding the transaction. The Securities Corporation finally offered to purchase the note and trust deed from Butcher upon specified terms for $17,600. This amount was accepted by the plaintiffs, who, in company with Butcher, visited the escrow-holder on January 21st, at its place of business at Los Angeles for the purpose of consummating the sale. The Securities Corporation sent Mr. Owens, who was its escrow representative, to the Title Insurance Company's offices to close the purchase. This occurred on January 22, 1925. He did not inspect the documents and claims not to have seen them until the transaction was closed and the deed was assigned and recorded. In consummating the purchase Mr. Owens conferred only with A. D. Cross, the escrow clerk for the Title Insurance Company. It appears that some of the plaintiffs were present in the place of business of the Title Insurance Company, conferring with Butcher and Cross regarding the transaction, while Owens was also present, and plaintiffs claim to have generally discussed the matter with him, or in his presence. Owens, however, denies that he ever discussed the matter with any of the plaintiffs, or with Butcher. Some controversy at first arose over a provision in the trust deed which required the payment of $250 each quarter on the principal indebtedness. The plaintiffs refused to execute the trust deed in this form. Cross communicated this objection to Owens, who conferred with the Investment Securities Corporation regarding the matter. It was agreed that in lieu of this provision Mr. Butcher, the payee and purported owner of the note, should advance $800 on account of future interest. A new trust deed including this provision was accordingly drawn by the Title Insurance

Company. The Title Insurance Company was named therein as trustee. The note and trust deed were thereupon duly executed by Lorin L. Baker and wife, who signed the note and acknowledged the deed on January 21, 1925, and Charles D. Baker and wife did likewise on the following day. The purchase of the note and deed was then consummated on the 22d of January by the payment of $17,600 to Mr. Cross, the clerk of the escrow-holder. The note was thereupon delivered to Mr. Owens for the purchaser, and the deed was recorded. Mr. Butcher testified that he received no money upon the sale of the instruments, but upon the contrary, that it was all paid to the plaintiffs.

The appellants contend that the findings and judgment are not supported by the evidence. It is asserted that the Los Angeles Investment Securities Corporation was not a *bona fide* purchaser of the note and trust deed, but that it was the real party in interest for whom W. H. Butcher was a mere dummy; that the note was not originally executed to Butcher for a valuable consideration, and that the invalidity of the note to the extent of the alleged usurious interest and bonus on the sale thereof is a valid defense, even as against a *bona fide* purchaser before maturity for a valuable consideration without knowledge of the infirmity.

We are of the opinion there is ample evidence to support the findings and judgment. ▮ It does not appear from the face of the note in question that it provides for usurious interest. It is true that parol evidence is admissible to show the actual nature of the transaction. (27 R. C. L. 212, sec. 13; *Jones Syndicate* v. *Internal Revenue Com.*, 23 Fed. (2d) 833.) ▮ The existence of an illegal agreement for the payment of usurious interest must affirmatively appear from the evidence adduced at the trial. The burden of showing that the illegal agreement for the payment of usurious interest is upon him who challenges the transaction as void. (27 R. C. L. 268, sec. 71; *Friedman* v. *Wisconsin Acc. Corp.*, 192 Wis. 58 [53 A. L. R. 758, 210 N. W. 831]; *Brown* v. *Robinson*, 224 N. Y. 301 [21 A. L. R. 777, 120 N. E. 694]; *Coast Finance Corp.* v. *Powers Furniture Co.*, 105 Or. 339 [24 A. L. R. 855, 209 Pac. 614].) ▮ In the present case the evidence is sufficient upon which to uphold the findings to the effect that the Investment Securities Corporation was a *bona fide* purchaser of the note without

knowledge of an agreement between the makers and payee thereof with respect to the payment of usury.

Even though there was an illegal agreement between the makers of the note and Butcher for what amounts to usurious interest, the plaintiffs are estopped by their conduct and written warranty to the effect that the note was free from usury from now enforcing this defense against the purchaser thereof. Before the purchase of the instruments was agreed upon, at the request of the Investment Securities Corporation, a written certificate was signed and delivered to the proposed purchaser by two of the plaintiffs, one of whom testified that he was acting as an agent for the makers in negotiating the sale of the note and trust deed, as follows:

"Los Angeles, Cal. Jan. 23, 1925.

"California Title Insurance Co.,

"The undersigned hereby certifies that they are two of the maker of a certain promissory note for $20,000.00 all due Jan. 1, 1926, after date, with interest at eight % net, payable quarterly, in favor of W. H. Butcher, which note is secured by the above mentioned trust deed, also that they are the owners of the above described premises. That they have received the consideration for the full face value of said note. That they claim no offsets or legal defenses of any nature against said trust deed, or note. That they have made no payments on principal or interest on said note.

"(Signed) LORIN L. BAKER,
"C. D. BAKER."

The purchaser of this note was assured by this certificate of the makers that they had executed and delivered the $20,000 note in escrow payable to Butcher at eight per cent interest per annum, and that "they . . . received the consideration for the full face value of said note." In effect this amounted to an assurance on the part of the makers of the note that it was free from usury.

This conduct and warranty constituted an estoppel *in pais* which will preclude the plaintiffs from now relying upon the doctrine of usury as a defense against the note. *(Holzbog* v. *Bakrow,* 156 Ky. 160 [50 L. R. A. (N. S.), p. 1023, note p. 1031, 160 S. W. 792].) To permit the plaintiffs to now deny the validity of this note or assert that they did not receive the full face value of the note from the payee,

would sanction a fraud and convert the wholesome purpose of the usury law into an engine of injustice and deceit. This may not be done. (*Haines* v. *Commercial Mtg. Co.,* 200 Cal. 609, 621 [53 A. L. R. 725, 255 Pac. 805]; *Van Noy* v. *Goldberg,* 98 Cal. App. 604 [277 Pac. 538].)

Moreover, according to the weight of modern authorities, the defense of usury is not available against an innocent purchaser of a promissory note before its maturity for a valuable consideration without knowledge of its usurious infirmity. (*Community Lumber Co.* v. *Chute,*▮ (Cal. App.) 284 Pac. 466.) In 39 Cyc. 1078b it is said:

"The rule is well settled that a *bona fide* purchaser of a negotiable note or bill before maturity, for a valuable consideration, without notice of usury, takes the same free from the defense of usury when the statute merely provides that usurious interest shall be forfeited in whole or in part."

Under the Usury Act of California it is clear that the entire instrument does not become void because of an agreement to charge usurious interest. (*Haines* v. *Commercial Mtg. Co.,* 200 Cal. 609, 622 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805]; *Rice* v. *Dunlap,* 205 Cal. 138 [270 Pac. 199].) Section 2 of the California Usury Act provides that any contract "in conflict with the provisions of this section shall be null and void *as to any agreement* or stipulation therein contained *to pay interest* and no action at law to recover interest in any sum shall be maintained, and the debt cannot be declared due until the full period of time it was contracted for has elapsed." So, also, in 1 Joyce on Defenses to Commercial Paper, page 633, section 468, it is said:

"Whether paper based on a usurious contract between the original parties was or was not subject to the defense of usury as against a *bona fide* holder before maturity, without notice, and for value, was a question upon which the decisions were far from being in harmony prior to the adoption of the Negotiable Instruments Law. The general rule, however, seems to be that such a defense was not available against such holder in the absence of a statutory provision making such paper absolutely void." (29 Am. & Eng. Ency. of Law, p. 521; *Hamilton* v. *Fowler,* 99 Fed. 18;

*Bradshaw* v. *Van Valkenburg*, 97 Tenn. 316 [37 S. W. 88], L. R. A. 1918C, note, at p. 776.)

The paper or note is not made void by the Usury Law of California. It merely renders void the provision with respect to usurious interest. Upon the contrary, as a part of the Negotiable Instruments Act of California which was adopted in 1917 (Stats. 1917, p. 1531), section 3138 of the Civil Code provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

A holder in due course is defined by section 3133 as one who takes the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was overdue, . . . ;

"(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

In order to constitute notice of such a defect as would render the instrument void, the purchaser must have had "actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." (Sec. 3137, Civ. Code.)

It will be observed that in those jurisdictions where it has been held that the defense of usury may be enforced against commercial paper in the hands of an innocent purchaser, in due course, for value, without notice of the infirmity, the usury statutes upon which such authorities are founded render the entire instrument void when it is associated with an agreement imposing usurious interest. The case of *Sabine* v. *Paine*, 223 N. Y. 401 [5 A. L. R. 1444, 119 N. E. 849], is an example of the effect of such a statute. It was there held that the defense of usury would lie against an innocent holder of a note, in spite of the existence of a Negotiable Instruments Act similar to that which exists in California. That decision, however, may be accounted for by the clear distinction between the California Usury Law and the New York Usury Law. In the state of New York

the Usury Law provides [N. Y. Consol. Laws, chap. 20, secs. 370, 371]:

"All bonds, bills, notes . . . whereupon or whereby there shall be reserved or taken . . . any greater sum, or greater value, for the loan or forbearance of any money . . . than is above prescribed, shall be void. Whenever it shall satisfactorily appear . . . that any bond, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, . . . and order the same to be surrendered and cancelled."

Some confusion of authorities has evidently occurred in failing to distinguish between the different provisions of the usury laws in various jurisdictions.

█ It is contended that because Butcher, the payee of the note, did not have possession of the instrument, the transaction lacked the element of delivery and therefore title did not pass to the Investment Securities Corporation. The escrow instructions from Butcher and the written warranty of title and receipt of full consideration on the part of the makers adequately show title in the payee. Moreover, section 3097 of the Civil Code provides that "where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him *is conclusively presumed.*" There is, therefore, sufficient evidence of the delivery of the note.

█ Manifestly the owner of a promissory note or other personal property may sell it for any price and upon any terms he chooses so long as he is not a party to, and has no knowledge of a previous usurious agreement with respect to it. Under such circumstances the sale is not affected by the usury law. (*Verbeck* v. *Claymer*, 202 Cal. 559, 563 [261 Pac. 1017]; 39 Cyc. 926b, 931; 27 R. C. L. 215, 216; *Lamb* v. *Herndon*, 97 Cal. App. 193 [275 Pac. 503]; *Commercial Credit Co.* v. *Tarwater*, 215 Ala. 123 [48 A. L. R. 1437, note, 110 South. 39]; *Hudson* v. *Repton State Bank*, 16 Ala. App. 101 [75 South. 695]; *Peoples B. & T. Co.* v. *Fenwick Sanitarium*, 130 La. 723 [Ann. Cas. 1913C, 1322, 43 L. R. A. (N. S.) 211, note, 58 South. 523; 1 Joyce on Defenses to Commercial Paper, p. 633, sec. 467.) In the last-mentioned authority, it is said:

"Where notes sued on were bought by the holder, the maker cannot be heard to say that the difference between the price of the notes and the face value is usury and that consequently the holder should not be allowed to recover such sums."

██ Regardless of the question of the forfeiture of the alleged usurious interest and bonus, the plaintiffs were not entitled to injunctive relief to restrain the sale under the provisions of the trust deed. The principal sum was also due at the maturity of the note on January 1, 1926. The trust deed provided for foreclosure and sale of the property to satisfy the lien, upon default of either principal or interest, upon notice thereof. This notice was duly served March 17, 1926. The suit was not premature, not having been commenced until July 15, 1926.

For the foregoing reasons the judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.