[Civ. No. 4726.   Third Appellate District.—February 10, 1933.]

BETTY N. EWALT, Appellant, v. MORTGAGE SECURITIES, INC., OF SANTA BARBARA, Respondent.

James W. Briscoe for Appellant.

Heaney, Price & Postel for Respondent.

THOMPSON (R. L.), J.—The plaintiff brought suit under the provisions of the Usury Law of California to recover treble the alleged amount of interest which she was compelled to pay for a loan of money according to the terms of a promissory note. Judgment was rendered against her upon findings which declare that the challenged note was evidence of only a portion of a larger indebtedness incurred as a part of the same transaction which was not usurious as a whole. From this judgment the plaintiff has appealed.

The appellant and Otis L. Griffin purchased the Chrysler Garage at Santa Barbara. The garage property was subject to an indebtedness of $30,000, represented by two notes held by the respondent, which were executed by former owners of the property and secured by trust deeds upon the garage property. One thousand dollars of this indebtedness was due July 1, 1928. About this time Griffin applied to the respondent for a loan to refinance the debt. After the $1,000 had been paid the appellant and Griffin made a formal written application to the respondent to borrow

$29,000 to refinance the indebtedness against the property. It was agreed that if the owners of the garage would reduce the indebtedness to $28,000 by paying another $1,000 thereon, respondent would renew the loan for the sum of $28,000, at about nine per.cent interest per annum. This loan was to be represented by one note for the sum of $21,000, due in five years, at seven per cent interest per annum, payable quarterly and secured by deed of trust on the garage property. The balance of the loan, to wit, the sum of $7,000 and precomputed interest for the entire five-year term, together with commissions on the whole transaction were to be included in a second note aggregating the sum of $11,760, secured by a second deed of trust on the same property. It was explained this entire loan would have to be divided in this manner to improve the security and render a part of the loan more marketable. This arrangement was agreed upon by the respective parties. Two notes were executed according to these terms on June 28, 1928, and secured by a first and second deed of trust. The smaller note was made payable in sixty equal installments of $196 each. This note did not authorize its payment prior to maturity.

For five consecutive months, after the execution of these notes, payments were regularly made thereon in one check upon the entire transaction for the sum of $318.50 each. From these payments the sum of $196 was regularly credited to the smaller note and the balance was credited to the $21,000 note. In the application for the loan of $28,000, in the discussion regarding the terms thereof, and in the payment and crediting of installments thereon, these two notes were treated as a part of the same transaction. The total amount of these installments which was paid and credited to the $11,760 note, was the sum of $980. Thereupon the appellant applied to the respondent to discount and pay the last-mentioned note. The balance of this note was discounted and paid December 19, 1928, for the agreed sum of $8,700. This settlement was made by paying the respondent the total sum of $9,680 in full settlement of the $11,760 note, which included the principal amount of $7,000 and the additional sum of $2,680. The appellant asserts the last-mentioned sum was an usurious charge of interest upon the $7,000 loan. He claims this note should be considered as an entirely separate transaction from the loan represented

by the $21,000 note. Upon that theory this suit was commenced under the provisions of section 3 of the California Usury Act (2 Deering's .Gen. Laws of 1931, p. 1908, Act 3757; Stats. 1919, p. lxxxiii) to recover treble the sum of $2,680 which he was compelled to pay in satisfaction of this $11,760 note.

The court adopted findings to the effect that the $11,760 note represented only a part of a single transaction involved in the borrowing of $28,000 for the period of five years, at a rate of interest which aggregated only the sum of $12,110, which is less than twelve per cent interest per annum and is not illegal or usurious; that the entire loan was divided, for convenience, between two promissory notes which were secured by first and second deeds of trust on the garage property; that the first note was for $21,000, payable in five years, at seven per cent interest per annum payable quarterly, and that there was added to the second note part of the interest and commissions to be earned by the first note; together with interest on the balance of the principal, aggregating the sum of $11,760, payable in sixty installments of $196 each; that this note was in the following language:

"$11760.00    Santa Barbara, California, June 28th, 1928.

"Five years after date for value received, we, jointly and severally promise to pay to Mortgage Securities, Inc., of Santa Barbara, or order, at its office in Santa Barbara, California, the sum of Eleven Thousand Seven Hundred Sixty Dollars, payable in monthly installments of One Hundred Ninety-six Dollars, on or before the 28th day of each and every month hereafter.

"Any payments provided for in this note or in the Trust Deed securing it whether of principal, interest, insurance, taxes or any other payments or charges, shall bear interest at the highest rate for which it is now legal to contract in California from the time the same become due until paid. Should default be made in the payment of any installment when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Interest to maturity on this note is included in the face thereof and in the event the due date is accelerated by action of the holder thereof the balance due thereon shall be reduced to such sum as shall be necessary

to make the *interest on the whole loan of which this is a part,* equal to the highest legal rate for which it is now lawful to charge in this state. Principal and interest payable in gold coin of the United States of the present standard. This note is secured by a certain deed of trust to Security Title Insurance and Guarantee Company, a corporation.

> "(Signed)   BETTY N. EWALT
> "(Signed)   OTIS L. GRIFFIN."

The court further found the appellant paid five monthly installments on this last-mentioned note, aggregating the sum of $980; that on December 19, 1928, by agreement, this note was discounted and satisfied in full by the payment of a further sum of $8,700. This suit was then commenced to recover treble the amount of $2,680, which is the alleged usurious interest exacted upon payment of this note. Judgment was thereupon rendered in favor of the defendant.

The appellant's theory is that the $11,760 note is a separate transaction which is severable from the entire loan of $28,000, and that $2,680 which was exacted as interest and commissions on the $7,000 principal involved in the $11,760 note is usurious.

The appellant asserts the findings and judgment are not supported by the record. While the evidence is conflicting upon some of the essential elements of this transaction, we are satisfied the findings and judgment are adequately supported in every necessary respect. The evidence is convincing that the challenged note for $11,760 represents a part of a single transaction and agreement concerning the procuring of the $28,000 loan. The very language of the challenged note confirms this fact. It declares that "Interest to maturity on this note is included in the face thereof and in the event the due date is accelerated by action of the holder thereof the balance due thereon shall be reduced to such sum as shall be necessary to make the *interest on the whole loan* [of $28,000] *of which this is a part,* equal to the highest legal rate for which it is now lawful to charge in this state."

The terms of the entire contract may be considered in determining whether it was an illegal effort to exact usurious interest. Since an illegal intent to exact prohibited profit for the loan of money is essential to establish usury, a court may examine into all the circumstances of the trans-

action to ascertain the intent with which it was accomplished. In the present case the court properly admitted evidence of the surrounding circumstances of the entire transaction for the purpose of determining whether the challenged note constitutes an illegal contract for usurious interest. (*Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609, 616 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725]; *Lamb* v. *Herndon*, 97 Cal. App. 193 [275 Pac. 503, 505]; 27 R. C. L. 211, sec. 12.) In *Lamb* v. *Herndon* it is said:

"The case appears to have been tried upon the theory that under the pleadings the court had the right, not only to consider the written agreements, but also extraneous facts and circumstances, including prior negotiations, for the purpose of determining whether or not the transaction was or was not usurious. A corrupt intent is one of the necessary elements of usury (Webb on Usury, 372; Tyler on Usury, 238), and to enable it to determine whether or not the intent existed the court had the right to admit in evidence all the surrounding circumstances and especially the negotiations that preceded the transaction. For as was said by the court in the case of *Douglass* v. *Boulevard Co. et al.*, 91 Conn. 601 [100 Atl. 1067]: 'Every circumstance surrounding or connected with the transaction is material, if in any manner it will reveal the intention of the parties.' (*Lowenstein & Sons* v. *British-American Mfg. Co.*, 300 Fed. 853.)"

The authorities are uniform to the effect that oral evidence is competent to determine the character, intent and effect of the entire transaction. (27 R. C. L. 212, sec. 13; *Jones Syndicate* v. *International Revenue Com.*, 23 Fed. (2d) 833; *Baker* v. *Butcher*, 106 Cal. App. 358 [289 Pac. 236, 238]; *Van Noy* v. *Goldberg*, 98 Cal. App. 604 [277 Pac. 538].) In the case of *Baker* v. *Butcher* it is said:

"The existence of an illegal agreement for the payment of usurious interest must affirmatively appear from the evidence adduced at the trial. · The burden of showing that the illegal agreement for the payment of usurious interest is upon him who challenges the transaction as void."

In the case of *Lowenstein & Sons* v. *British-American Mfg. Co.*, 300 Fed. 853, wherein two instruments were considered a part of one transaction for the purpose of determining whether it was tainted with usury, the court said:

"Since the testimony as to when this matter first came up is so uncertain, it becomes necessary to consider the attendant circumstances to arrive at a decision as to whether that which on its face seems to have been two transactions, was really one, and whether the salary and commissions payable to Lowenstein Bros. for 'services' were really extra interest for the use of the money loaned by M. Lowenstein & Sons, Inc."

If the transaction is left in doubt as to whether the contract is rendered void for violation of the Usury Act, that construction will be accepted which will uphold it. The burden is upon one who charges the exacting of usurious interest to prove it by a preponderance of the evidence. (*Coley* v. *Wolcott*, 103 Cal. App. 140, 146 [284 Pac. 241]; 27 R. C. L. 268, sec. 71.)

The case upon which the appellant chiefly relies in support of his contention that the challenged note in this case is conclusive evidence of a separate transaction from that which is represented by the $21,000 note, is *Duke* v. *Levy*, 208 Cal. 376 [281 Pac. 496]. An examination of that case clearly establishes the fact that the several notes which were involved therein were founded upon separate and distinct transactions between different individuals. Several cases were consolidated for the purpose of trial. There was no contention in that case that these notes represented evidence of a single transaction. That case is not in point.

The findings are not uncertain or inadequate because the court failed to specifically state that the plaintiff executed and delivered to the respondent two separate notes as evidence of an entire loan of $28,000, or because the court failed to specify the exact rate of interest which was charged. In construing the findings every reasonable intendment is in favor of upholding the judgment. Findings of ultimate facts are all that is required. They should be read together and reconciled in support of the judgment, if possible. (2 Cal. Jur. 871, sec. 511.) The court did find:

"That said loan of $28,000 was evidenced by two promissory notes, made, executed and delivered by plaintiff and said Otis L. Griffin on said 28th day of June, 1928; and that one of said promissory notes so executed and delivered by plaintiff to defendant was in the principal sum of $21,000 . . . and the other of said promissory notes so executed and

delivered by plaintiff to defendant was in the principal sum of $11,760 . . . that for the entire loan of $28,000 plaintiff agreed to pay interest [for the entire five-year term of the loan] in the sum of $12,110 . . . that said promissory note . . . in the principal sum of $11,760 represents said balance of interest [together with a portion of the principal of the entire loan] on the entire transaction, to wit, the loan of $28,000. . . . It is not true . . . that said transaction or said promissory note of $11,760 was usurious. . . . That the total amount of interest that lawfully could have been charged by defendant from plaintiff for the loan of the said sum of $28,000 was $14,700, and that the interest actually ·charged . . . was and is $12,110, . . . and that by reason of the discount . . . the total interest [actually] paid by plaintiff, and that remaining to be paid for said sum of $28,000, is the sum of $10,030, and that said sum of $10,030 is not an usurious rate of interest on said loan of $28,000.''

The foregoing findings are sufficiently specific to determine all the necessary issues in this case. It is a mere matter of mathematical calculation to determine exactly what rate of interest was charged. Moreover, it appears that five per cent commission was charged for negotiating the loan, all of which was included in the $11,760 note. The commission therefor amounted to $1,400. Only $350 of this sum should properly be charged against the last-mentioned note. This furnishes further evidence of the fact that the loan of $28,000 constituted one transaction, and that it was divided between the two notes as a matter of convenience to enhance the marketable value of at least a portion of the debt.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.