[Civ. No. 12160. Second Appellate District, Division Two.—March 28, 1939.]

ELEY GOLDENZWIG et al., Appellants, v. YETTA SHAD-DOCK et al., Respondents.

Henry K. Elder and Frank E. Carleton for Appellants.

Feinfeld & Feinfeld and Stick & Moerdyke for Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants predicated upon the granting of defendants' motion for a judgment notwithstanding the verdict of the jury (sec. 629, Code Civ. Proc.) in favor of plaintiffs in an action to have certain payments of money to defendants by plaintiffs declared to be usurious.

The material facts are:

August 15, 1928, plaintiffs borrowed from defendant Yetta Shaddock and her husband, Benjamin Medoff (now deceased),

$16,500 and gave as security therefor two notes secured by a mortgage on real property. One note dated August 15, 1928, for $12,500 was due three years after date. The second note was for $4,000, dated August 22, 1928, and due nine months after date. Both notes bore interest at the rate of 7½ per cent per annum. Thereafter five quarterly interest payments, each in the sum of $309.38, were made to defendants. About November 15, 1929, plaintiffs paid $2,500 to defendants on the principal of the $4,000 note. Subsequently seven quarterly interest payments in the sum of $262.50 each were made by plaintiffs.

November 15, 1932, by written agreement the indebtedness was extended and the interest rate increased to 8 per cent per annum on the unpaid balance of $14,000. Thereafter six quarterly interest payments, each in the sum of $280, were made by plaintiffs, and on September 7, 1932, plaintiffs paid on account of the unpaid principal the sum of $100.

February 15, 1933, the principal indebtedness of $13,900 was renewed by plaintiffs to defendants, to become due February 15, 1936, with interest at the rate of 7½ per cent per annum, the indebtedness being secured by a trust deed wherein defendant Union Bank and Trust Company of Los Angeles was named as trustee. On May 15 and August 15, 1933, quarterly interest payments each in the sum of $262.50 were made by plaintiffs, and on November 15, 1933, plaintiffs made a payment of $150 on account of interest.

July 17, 1934, the trustee declared a default under the terms of the deed of trust and declared the sum of $13,900 with interest from November 15, 1933, at 7½ per cent per annum, less $150 which had been paid as interest, due and payable.

The present action was brought to restrain the sale of the property described in the trust deed, and for a declaration that the loan was usurious and that said payments made thereon were usurious.

In addition to the payments above-mentioned the jury found in answer to special interrogatories submitted to it that plaintiffs paid defendant Yetta Shaddock and her husband, Benjamin Medoff, as bonuses on the above-mentioned loans, and not as payments of principal or interest, the following amounts at or about the date set opposite each sum:

| | |
|---|---|
| November 15, 1929 | $2,500.00 |
| July 24, 1929 | 50.00 |
| November 16, 1931 | 29.50 |
| February 14, 1930 | 50.00 |
| May 23, 1932 | 205.57 |
| June 28, 1932 | 100.00 |
| Total | $2,935.07 |

The trial court made the following finding, which was supported by substantial evidence:

"That it is not true that the said amounts, or either of them, found by the jury to have been paid as a bonus were paid in consideration of said loan of $16,500 or in forbearance of said loan, or any portion thereof. That there was no prior agreement between the plaintiffs and B. Medoff or the defendant Yetta Shaddock, also known as Yetta Medoff, to pay any of said amounts, and said payments were made voluntarily."

This is the sole question necessary to be determined:

*Is a contract usurious which does not in its inception require payments which are usurious, even though sums are subsequently paid by the obligor to the obligee as bonuses, which coupled with interest paid amount to a sum in excess of the legal rate of interest?*

This question must be answered in the negative and is governed by the following established principles of law:

(1) The burden is upon one, who charges the exaction of usurious interest, to prove such charge by a preponderance of evidence. (*Ewalt* v. *Mortgage Securities, Inc.*, 129 Cal. App. 559, 564 [19 Pac. (2d) 60].)

(2) A contract which in its inception is unaffected by usury can never be invalidated by any subsequent usurious transaction. (*Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287, 290 [9 Pac. (2d) 819]; *O. A. Graybeal Co.* v. *Cook*, 111 Cal. App. 518, 528 [295 Pac. 1088].)

(3) It is the duty of the trial judge in a proper case to render, either on his own motion or on motion of the aggrieved party, a judgment in favor of the aggrieved party notwithstanding the verdict of the jury. (Sec. 629, Code Civ. Proc.)

Applying the foregoing rules of law to the facts of the instant case, it is apparent that, since the trial court

found, based upon substantial evidence, that the bonuses paid by plaintiffs were not paid in consideration of the loan made to them or in forbearance for the collection of said loan or any portion thereof, and that there was no prior agreement between plaintiffs and defendant Yetta Shaddock and Benjamin Medoff to pay any of said sums but that said payments were voluntarily made by plaintiffs, the conclusion of law reached by the trial judge that no usurious interest had been exacted or received from plaintiffs by defendant Yetta Shaddock and her husband was correct, and judgment was properly entered in favor of defendants.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment. In an action such as this, to restrain a sale and for declaratory relief, the trial judge had the right to make findings independent of and in addition to the verdict of the jury. The evidence is not before us and it must be presumed that it is sufficient to support the findings, which in turn are sufficient to support the judgment.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1939.