## In re ZEMANSKY et al.
### No. 34490.

District Court, S. D. California, Central Division.

July 7, 1941.

F. C. Weller (of Craig & Weller), of Los Angeles, Cal., for trustee.

L. J. Meyberg, of Los Angeles, Cal., for claimant.

HOLLZER, District Judge.

This matter comes before the court on a review from a decision of the Referee in Bankruptcy holding that the claim filed by one Corrine Hart is based upon a usurious transaction, and accordingly ruling that the interest paid by the bankrupts upon

certain notes should be deducted from said claim.

While the trustee originally also sought to have reviewed a further ruling of the Referee adjudging that the former was not entitled to a deduction from said claim in a sum equal to treble the amount of the alleged usurious interest, such contention was abandoned at the oral argument.

The facts involved are not in dispute. Briefly, they are as follows: On September 14, 24 and 29, 1933, respectively, at Los Angeles, California, the bankrupts executed three promissory notes aggregating $20,000 in favor of the claimant. Said notes provided for interest at the rate of 12% per annum. On September 2, 1937 claimant wrote the bankrupts a letter in which she stated in part: "As you will see by referring to the date of these notes, the legal life of same will elapse this year, so it will be necessary to renew them. Would you be kind enough to execute new notes to cover."

To the foregoing the bankrupts replied, stating: "Your letter received, and in order to save you an unnecessary trip to Los Angeles, we are enclosing three new notes. You can then mail the old notes back to us."

These new notes were thereupon executed under date of September, 1937, and were forwarded by the bankrupts to the claimant. They were identical in all respects with the old notes, except as to the respective dates thereof.

These new notes having been executed and made payable in the State of California, the validity of the interest provision therein must, therefore, be determined according to the law of that state. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

On November 6, 1934, the Constitution of the State of California was amended so as to provide in part as follows: "The rate of interest upon the loan or forbearance of any money * * * shall be seven per cent per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding ten per cent per annum." (Calif.Const.Art. XX, Sec. 22.)

Accordingly, but one question of law is involved. That question is: Did the circumstance that the new notes, executed and delivered in order to save the old notes from becoming barred by the statute of limitations, were made after November 6, 1934, namely, at a time when 12% interest had become illegal in California, render such transaction usurious?

This precise question has not been passed upon by the California courts. Counsel have referred us to various cases decided in other jurisdictions. However, we are satisfied that the reasoning of the California decisions hereinafter cited furnishes the answer to the question above stated.

In Selig Cahn Inc. v. California Wrecking Co., 9 Cal.2d 617, 71 P.2d 1113, 1114, the Supreme Court of California declared: "The general rule is that the giving of a new note as a renewal of one outstanding does not amount to payment; the presumption is that the renewal note was not taken by the payee in payment. [Citing cases.] An express agreement to the effect that the execution of a promissory note satisfied the indebtedness evidenced by an earlier one must be shown by a maker who relies thereon. [Citing cases.] In the absence of such an agreement the giving of a renewal note does not extinguish the debt but extends the time of its payment in accordance with the terms of the new note. [Citing cases.] Even the fact that the creditor surrenders the note of the debtor at the time of receiving a new note from him has been held to be insufficient to require the conclusion that the renewal note was accepted in payment."

There is nothing in the record before us which will support a finding to the effect that the notes executed by the bankrupts in 1937 satisfied the indebtedness evidenced by the notes given by them in 1933. On the contrary, the evidence warrants no other finding than that the subsequent notes were given with the intention of merely extending the life of the old notes. The conclusion, therefore, is inescapable that the indebtedness created in 1933 by the bankrupts in favor of the claimant was not discharged by the execution of the new notes in 1937 but, on the contrary, has continued in existence ever since its inception.

Such a conclusion both conforms to the evidence and also is in harmony with the pertinent principle governing the construction of notes and other contracts. In Ann.Cas. 1913 C, page 1327, we find the following note: " 'There are two cardinal rules in the doctrine of usury,' said the court in Nichols v. Fearson, 7 Pet. 103, 8 L.Ed. 623, 'which we think must be regard-

ed as the commonplace, to which all reasoning and adjudication upon the subject should be referred * * * and the second, that a contract which in its inception is unaffected by usury can never be invalidated by any subsequent usurious transaction.'"

The foregoing principle is quoted with approval in O. A. Graybeal Co. v. Cook, 111 Cal.App. 518, 295 P. 1088, 1092. The latter decision and also the case of Sharp v. Mortgage Security Corporation, 215 Cal. 287, 9 P.2d 819, are cited in support of the same principle in Goldenzwig et al. v. Shaddock et al., 31 Cal.App.2d 719, 88 P.2d 933.

■ Furthermore, even if the transaction in question were susceptible of two constructions, one of which would be tainted with usury—which the record here will not warrant—we would be required to avoid the latter construction and adopt the one which would uphold the legality of the contract. In other words, as pointed out in the case of Rose v. Wheeler, 140 Cal. App. 217, 35 P.2d 220, 224, in considering an alleged usurious transaction, the presumptions of law are in favor of legality, so that if a transaction is open to two constructions, one legal and the other illegal, in the absence of evidence pointing clearly to usury, it is the duty of the court to adopt the construction in favor of legality. In the last-mentioned case, the court quoted with approval the following language: "And as is said in Clemens v. Crane, 234 Ill. 215, 238, 239, 84 N.E. 884, 892, quoted approvingly in Re Mansfield Steel Corp. (D. C.) 30 F. (2d) 832, 833, 'Where a transaction is susceptible of an innocent construction, and can only be held usurious by wresting it from its relation to other facts or by imputing to the facts a sense and meaning which they cannot reasonably bear, it is the plain duty of the court not to decree a forfeiture, but to uphold the contract and enforce its obligation.'"

■ So in the present instance, to taint with usury the transaction whereby the bankrupts obtained an extension of time within which to pay the indebtedness they incurred in 1933 would, in the language of the court in Baker v. Butcher, 106 Cal.App. 358, 289 P. 236, 238, "convert the wholesome purpose of the usury law into an engine of injustice."

For the foregoing reasons we conclude that the circumstance of the execution of the notes in 1937 whereby the "legal life" of these notes executed in 1933 was extended did not render the transaction in question usurious.