[Civ. No. 20570.   Second Dist., Div. Three.   May 25, 1955.]

MARSHALL ABBOT et al., Appellants, v. DR. PHILIP H. STEVENS, Respondent.

244

Marshall Abbot, in pro. per., and William J. Clark for Appellants.

Low & Stone and Leonard Low for Respondent.

ASHBURN, J. pro tem.*—Demurrer to plaintiffs' fourth amended complaint having been sustained, they, according to appellants' opening brief, "refused to plead further." The judgment recites that counsel for plaintiffs stated "that plaintiffs had either pleaded a good cause of action or could not plead one." Plaintiffs having appealed, their counsel say that the "sole question to be decided therefore is whether said pleading as amended states a cause of action." They treat the action as one for damages for fraud and for recovery of interest, bonus and penalty for usury.

The complaint alleges that plaintiffs borrowed from defendant on September 12, 1952, the sum of $30,000 upon their promissory note secured by trust deed. The note carries interest at 10 per cent per annum payable monthly. The term of the note is three years. It confers this option upon the borrowers: "Privilege is hereby reserved of paying this Note in full prior to maturity by payment of principal, accrued interest, and 180 days unearned interest as a pre-payment privilege." Plaintiffs allege that they sought and defendant knew they wanted a loan for one year and no longer; that he promised them that if they would promptly make the prescribed payments for a period of one year or such lesser period as he should prescribe he would accept the principal amount and waive the payment of any bonus; he also repre-

---

*Assigned by Chairman of Judicial Council.

sented that the bonus provision was inserted only with the intention that it should be effective if plaintiffs were dilatory in their payments and that as a matter of business practice he never did insist, and in this instance would not insist, upon payment of the bonus. It is also alleged that defendant then intended not to perform said promise and that the other representations were false; that plaintiffs believed said promises and statements and were thereby induced to accept the three-year loan instead of the one desired, for a year or less. (There were other alleged false representations to the effect that defendant was loaning his mother's money and acting as her agent; that she insisted on loans for three years or more; that he had authority to terminate the loan before maturity and without exacting a bonus and that he had been doing so. But, as the note and trust deed were taken in defendant's own name and the acts complained of were performed by him personally, these alleged false representations are not material.) By way of branding the transaction as usurious plaintiffs further allege that the insistence upon a three year note and trust deed was merely a device "to procure a note and Trust Deed for a longer period than plaintiffs required, and for a longer period than it was intended by either party that the loan should remain unpaid, and said device being resorted to for the purpose of pretending to require a bonus for the release of said loan." Also that plaintiffs "did not require a loan for a longer term than one year, and did not intend to use the money for any longer term, as the defendants at all times well knew . . . to the end that defendants [plaintiffs] would submit to paying said bonus rather than two years additional interest." Again: "That all of the acts and things done by said defendant were done pursuant to an intent on his part to charge and collect more than 12%[1] per annum for the use of money and all of the promises and representations were made in pursuance of such intent." But it is also alleged that defendant intended and expected that plaintiffs would believe and rely on his promise with respect to the bonus and that they did do so; that otherwise they would not have executed the note and trust deed. It is not alleged that plaintiffs ever agreed or expected or intended to pay the bonus; it is alleged that they still relied upon the promise to waive it when they negotiated a new loan, probably in May, 1953.

---

[1]The maximum lawful rate is 10 per cent per annum. *French* v. *Mortgage Guar. Co.*, 16 Cal.2d 26, 34 [104 P.2d 655, 130 A.L.R. 67].

Plaintiffs paid the prescribed interest in monthly sums to and including May 19, 1953. About two months before that date they offered to pay the note and about May 20, 1953, defendant advised that he wished this done; plaintiffs, relying upon the promise not to exact the bonus, negotiated a new loan with which to discharge this one; thereupon "after the said payments had been concluded"[2] they tendered to defendant the principal of $30,000 and demanded cancellation of the note and satisfaction of the trust deed, but he refused to do so unless plaintiffs paid him $1,500 as a bonus (the stipulated amount); thereupon they paid the principal, interest and bonus on June 1, 1953; they then received their note and a reconveyance under the trust deed. The complaint prays for recovery of $3,675 as the amount of interest and bonus paid, plus $4,500 as treble the amount of bonus; no mention of damages for fraud. And the averments approach no closer to a claim of damage than the allegation that plaintiffs negotiated a new loan and "that in so doing they incurred expense and in so doing they placed themselves in a position where unless the loan from defendant was cancelled they would be compelled to pay interest on two loans and thereby to pay far more than the ten percent on the amount of the loan from defendant."

This complaint does not disclose a right to recover for fraud, as it alleges no actionable deceit and contains no averment of damage.

The loan was for a specified term of three years and plaintiffs were given an option to pay it before maturity upon payment of a bonus of 180 days' unearned interest; without the bonus payment there could arise no right to pay the note before maturity. Defendant, with no intention of performing, promised to accept payment of principal without requiring a bonus if plaintiffs would promptly make their payments (interest) "for a period within one year, or such lesser period as he should require." ■ In other words it was a promise that he would not enforce one of the terms of the contract. Such a promise, directly at variance with the terms of the writing, cannot afford a basis for an action in deceit. This rule is established by *Bank of America* v. *Pendergrass,* 4 Cal. 2d 258, 264 [48 P.2d 659]. ■ And it is succinctly stated in *Newmark* v. *H And H Products Mfg. Co.,* 128 Cal.App.2d

[2]Literally this allegation refers to a time after payment in full of principal and bonus; but it obviously was meant to refer to interest payments through May 19, 1953.

35, 37 [274 P.2d 702]: "Parol evidence of fraud to establish[ed] the invalidity of a written instrument induced by a promise made without any intention of performing it is only permissible in the case of a promise to do some additional act which was not covered by the terms of the contract and such evidence is not admissible in the case of a promise directly at variance with the terms of the written instrument. (*Simmons* v. *California Institute of Technology*, 34 Cal.2d 264, 274 [9] [209 P.2d 581]; *Bank of America* v. *Pendergrass*, 4 Cal.2d 258, 263 [48 P.2d 659]; *Partanian* v. *Flodine*, 95 Cal.App.2d Supp. 931, 934 [213 P.2d 790]; *Cobbs* v. *Cobbs*, 53 Cal.App.2d 780, 784 et seq. [128 P.2d 373]; *W. R. Campbell Co.* v. *Sears, Roebuck & Co.*, 136 Cal.App. 765, 769 [5] [29 P.2d 910].)"

■ ■ Fraudulent representations which work no damage cannot give rise to an action at law (12 Cal.Jur. § 39, p. 765) and an allegation of a definite amount of damage is essential to stating a cause of action. (*Munson* v. *Fishburn*, 183 Cal. 206, 220 [190 P. 808]; *Maynes* v. *Angeles Mesa Land Co.*, 10 Cal.2d 587, 590 [76 P.2d 109]; *Tsang* v. *Kan*, 78 Cal.App.2d 275, 281 [177 P.2d 630]; 12 Cal.Jur. § 69, p. 813.) ■ The only specific damage alleged at bar is the payment of the bonus, and that could not serve the desired purpose unless it was usurious; payment of a lawful exaction cannot constitute a legal injury.

■ The note was not usurious on its face. Although it provided for interest at the maximum rate, the payment of a bonus in addition thereto and as a consideration for the lender's relinquishing the loan before maturity rested entirely with the debtor; and in that situation a provision for or collection of a bonus is not usurious. ■ "Where the excessive interest is caused by a contingency under the lender's control, or not under the borrower's control, the transaction is usurious; otherwise when the contingency is under the borrower's control." (*Penziner* v. *West American Finance Co.*, 133 Cal.App. 578, 590 [24 P.2d 501].) This rule is firmly established in this state. (*French* v. *Mortgage Guar. Co.*, 16 Cal.2d 26, 31 [104 P.2d 655, 130 A.L.R. 67]; *Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal.App. 250, 254-256 [15 P.2d 797].)

■ The mere presence of such an option to prepay does not make the note usurious. ■ And it is equally clear under the authorities that "A contract which in its inception

is unaffected by usury can never be invalidated by any subsequent usurious transaction.'' (*Goldenzwig* v. *Shaddock*, 31 Cal.App.2d 719, 722 [88 P.2d 933].) To same effect are *French* v. *Mortgage Guar. Co., supra*; *Knoll* v. *Schleussner*, 112 Cal.App.2d 876, 881 [247 P.2d 370] ; *Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287, 290 [9 P.2d 819] ; *Grall* v. *San Diego Bldg. & Loan Assn., supra*; *McCarty* v. *Mellinkoff*, 118 Cal.App. 11 [4 P.2d 595] ; *In re Zemansky*, 39 F.Supp. 628, 630. It follows that it is immaterial whether plaintiffs acted voluntarily or under some economic pressure in making the bonus payment in June 1953.

In effect counsel for appellants argue that the line of reasoning just expressed is confined to the terms of the writing; that courts should and do look through form to substance when usury is the issue; that, whatever may be the appearance of the transaction its usurious nature will be declared if it in fact exists; and, specifically, that the parol evidence rule does not apply to the usury issue and hence the *Bank of America* v. *Pendergrass* line of cases, *supra*, is inapplicable. ▆ It is true that the parol evidence rule cannot impede such an inquiry. (*Terry Trading Corp.* v. *Barsky*, 210 Cal. 428, 433 [292 P. 474] ; *Ewalt* v. *Mortgage Securities, Inc.*, 129 Cal.App. 559, 564 [19 P.2d 60] ; *Baker* v. *Butcher*, 106 Cal.App. 358, 363 [289 P. 236] ; *Van Noy* v. *Goldberg*, 98 Cal.App. 604, 608 [277 P. 538] ; 55 Am.Jur. § 166, p. 439; 82 A.L.R. 1199, 1206, ann.; 104 A.L.R. 1261 ann.) ▆ And this means that if there was an oral agreement between these litigants that the loan should run but one year and that plaintiffs should, upon liquidating it, also pay the 180 days' unearned interest (over and above the specified 10 per cent), the loan would be usurious, though innocent on its face. But we do not have that situation at bar. The complaint does disclose that defendant intended that the bonus be paid but it also shows that plaintiffs never agreed so to do and never expected or intended to pay it. For they believed and relied upon defendant's promise.

▆ The usurious character of a transaction is determined by the amount agreed to be paid, agreed at the time of making the loan. ''The usurious character of the contract is not determined by the amount of interest the borrower has paid thereon, but by the amount of interest he has agreed to pay on his said indebtedness. He may not have paid a dollar of interest on his indebtedness yet if the contract calls for a

greater rate of interest than that permitted by the statute, the transaction is usurious, and no interest can be collected thereon." (*Westman* v. *Dye,* 214 Cal. 28, 39 [4 P.2d 134].) To same effect are *Grall* v. *San Diego Bldg. & Loan Assn., supra,* 127 Cal.App. 250, 257; *Goldenzwig* v. *Shaddock, supra,* 31 Cal.App.2d 719, 723. ▉ This is but another way of saying, as in *Rose* v. *Wheeler,* 140 Cal.App. 217, 224 [35 P.2d 220]: "To infect a transaction with the taint of usury, there must exist the corrupt purpose on one side to lend money at usurious interest and on the other side to borrow on usurious terms dictated by the lender." ▉ Parenthetically we observe that this rule does not apply to a loan that is plainly usurious as matter of law; in such case intent is presumed, implied or just ignored. (*Wood* v. *Angeles Mesa Land Co.,* 120 Cal.App. 313, 324 [7 P.2d 748]; *Martin* v. *Kuchler,* 212 Cal. 536, 539 [299 P. 52]; *O. A. Graybeal Co.* v. *Cook,* 111 Cal.App. 518, 528-529 [295 P. 1088].)

▉ We return to the discussion of the extrinsic facts alleged in the complaint. They take us behind the face of the note and into the question of what was the real transaction between the parties,—was it usurious? In such case mutual intent is important,—not necessarily intent to violate the law, but intent to do acts which result in such violation. 55 American Jurisprudence section 33, page 348, says: "The principle has been laid down by many authorities that to constitute usury there must exist an intent, concurred in by the borrower as well as the lender, that the lender is to take more than the legal rate of interest for the sum loaned. However, if the contract on its face imports usury, the necessary intent will be implied; if the usury is not apparent from the contract itself, the intent must be gathered from the circumstances of the case. ▉ The intent actually to get excessive interest, as a controlling element, is the intent as it existed as of the time when the agreement was made." The authorities are not uniform concerning the necessity of a concurring intent on the part of the borrower (see 66 C.J. § 66, p. 176; 6 Williston on Contracts (rev. ed.) § 1698, p. 4809), but it seems apparent that, in a situation such as presented at bar, the intent must be a mutual one. There can be no basis for an implied agreement except mutual intent; and without an agreement to pay usury there is no justification for going behind the writing. Whether viewed from the standpoint of agreement or intent, the result is the same. Plaintiffs did

not agree to pay the bonus and they did not intend to do so. The loan not being usurious in its inception, subsequent events could not render it violative of the statute.

No other points require discussion.

Judgment affirmed.

Shinn, P. J., and Vallée, J., concurred.