In re H. Frank DOMINGUEZ, Debtor.

Alan D. SMITH, Chapter 11 Trustee of the Estate of H. Frank Dominguez, Appellant,

v.

David MILLER; Denyse Miller; H. Frank Dominguez; Edward McDonald, Office of the U.S. Trustee, Appellees.

No. 91–56312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1992.

Decided May 4, 1993.

As Amended on Denial of Rehearing July 8, 1993.

Marjorie S. Steinberg, Tuttle & Taylor, Los Angeles, CA, for appellant.

David M. Stern, Stern, Neubauer, Greenwald & Pauly, Santa Monica, CA, for appellees.

Leonard A. Goldman, Goldman, Gordon & Lipstone, Los Angeles, CA, for debtor Frank Dominguez.

Edward McDonald, Los Angeles, CA, Office of the U.S. Trustee.

Before: CANBY, BOOCHEVER, and THOMPSON, Circuit Judges.

CANBY, Circuit Judge:

In this case we decide whether a loan contract is usurious when it specifies an interest rate that exceeds the maximum allowed under California's usury law, but also provides that if payments exceed the maximum legal interest rate, the amount in excess will be applied toward the principal.

## BACKGROUND

This case involves two loans that appellees David and Denyse Miller made to Dominguez, the debtor in bankruptcy, and a subsequent agreement to extend the time for repayment of the loans. The extension agreement specified an interest rate of 17% and contained a "savings clause" which provided:

> In the event Borrower pays any interest on the ... Promissory Notes ... and it is determined that such rate[] ... [was] in excess of the then legal maximum rate, then that portion of the interest payment representing an amount in excess of the then legal maximum rates shall be deemed a payment of principal and applied against the principal of the ... Note.

Under California law, a loan is usurious if it specifies an interest rate that exceeds the higher of 10% annually or 5% plus the rate that the Federal Reserve Bank of San Francisco charges federal reserve banks. At the time the Millers and Dominguez entered into the extension agreement the maximum nonusurious rate was 16.5%.

Dominguez filed a petition for bankruptcy under Chapter 11, and the Millers filed against the estate claims arising from the loans and the extension agreement. Alan Smith, trustee of the bankrupt estate, objected to the claims, contending that, because the 17% interest rate was usurious, the Millers were precluded from recovering any interest on the loans, and the amount already paid as interest should be set off against the amount of principal still owing. See Cal. Const. art. 15, § 1; Cal.Civ.Code § 1916–1 to –3 (West Supp.1993).

The bankruptcy court rejected Smith's arguments. The court held that, although the 17% interest rate exceeded the maximum legal rate, the savings clause evinced the parties' intent not to violate the usury law and, thus, operated to "rectif[y] the error" by reducing the interest rate to 16.5%, the highest rate allowable. The Bankruptcy Appellate Panel upheld the lower court's ruling. According to the Panel, "[t]he usurious character of a transaction is determined by the amount of interest agreed to be paid at the time of making the loan." It was therefore necessary to ascertain the mutual intent of the parties at the time they entered into the agreement, the Panel concluded. Accepting as not clearly erroneous the bankruptcy court's finding that the parties intended to apply the maximum legal interest rate, the Panel held that the loan did not violate California's usury law.

## STANDARD OF REVIEW

Interpretation of a contract involves mixed questions of law and fact which we review de novo. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir.1985); see also In re Carroll, 903 F.2d 1266, 1269 (9th Cir.1990) (bankruptcy court's conclusions of law are subject to de novo review). Questions of the interpretation of state law are also subject to de novo review. Port of Portland v. Water Quality Ins. Syndicate, 796 F.2d 1188, 1195 (9th Cir.1986). We review for clear error, however, the bankruptcy court's findings of fact. Carroll, 903 F.2d at 1269; In re Mor-

*eggia & Sons, Inc.,* 852 F.2d 1179, 1181 (9th Cir.1988).

## DISCUSSION

There is no dispute that the 17% interest rate specified in the extension agreement exceeded the maximum rate allowed by California's usury law. The primary question in this appeal is whether, in view of the fact that the extension agreement states a usurious interest rate, the savings clause should be given effect. We hold that it should and affirm the decisions of the Bankruptcy Appellate Panel and bankruptcy court.

■ California's usury law imposes virtually strict liability on lenders. Whether a loan or forbearance is usurious is determined by the total amount of interest required to be paid between the date of execution and the date of maturity. *Penzner v. Foster,* 170 Cal.App.2d 106, 338 P.2d 533, 535 (1959). When a loan or forbearance is usurious on its face, it is not a defense to a charge of usury that the lender did not intend to violate the law or know that the rate exceeded the maximum allowable. *Abbot v. Stevens,* 133 Cal. App.2d 242, 284 P.2d 159, 163 (1955). Intent is relevant, however, when the rate of interest to be charged cannot be ascertained from the face of the agreement. In such a case, the court must have recourse to extrinsic evidence to determine what interest rate the parties intended to apply. *Id.* 284 P.2d at 163; *Arneill Ranch v. Petit,* 64 Cal.App.3d 277, 134 Cal.Rptr. 456, 462 (1976).

■ Smith contends that the extension agreement is usurious on its face, and that the court should not inquire into what interest rate the parties intended to apply. We disagree. No court applying California's usury law has held that an agreement is conclusively presumed to be usurious simply because it states an interest rate that ex-

ceeds the maximum allowable, regardless of whether other parts of the agreement have a bearing on the interest rate actually in effect. Indeed, in one of the few cases dealing with the validity of savings clauses under the usury law, the California Court of Appeal rejected this approach. *Arneill Ranch v. Petit* concerned whether a loan agreement was usurious because it set interest by a formula based on the prime rate, which in time led to a rate in excess of that allowed by the usury statute. *Arneill,* 134 Cal.Rptr. at 458. The agreement also provided for compounding of interest, with a savings clause that stated that the interest compounded would not exceed the highest rate permitted by law. The court held that the clause created an ambiguity because it was not clear whether it limited only the compound interest that could be charged, or whether it limited all interest under the agreement to a lawful rate.

Rather than hold, as the Appellant urges us to do here, that the agreement was *prima facie* usurious simply because it provided for an interest rate that exceeded the maximum allowable, the *Arneill* court ruled that the savings clause could have the effect of contractually limiting the rate at which the creditors could collect interest of any kind on the debt. According to the court, whether the contract was usurious depended on extrinsic evidence of what interest rate the parties intended to apply when they entered the contract. *Arneill,* 134 Cal.Rptr. at 460, 466–68.[1]

We adhere to the *Arneill* court's analysis. Because the interest rate required to be paid under the extension agreement was determined in part by the savings clause, we cannot conclude that the agreement is usurious on its face.

■ Indeed, the more cogent question is whether the agreement is non-usurious on its face. The Bankruptcy Appellate Panel stat-

---

1. Smith asserts that the holding in *Heald v. Friis-Hansen,* 52 Cal.2d 834, 345 P.2d 457 (1959), compels us to conclude that the extension agreement is usurious. We disagree. The lenders in *Heald* had entered into a series of loans specifying an interest rate in excess of the maximum legal rate and had later pencilled into the loan documents a lower, non-usurious rate. The loan agreements did not contain savings clauses nor

did the creditors intend at the time they made the loans to charge the lower rate. The court held that because the loans were made at a usurious rate of interest they violated the usury law. In our case, on the other hand, the trier of fact has ruled that the parties originally intended to charge interest that did not exceed the legal rate.

ed that the savings clause created "at the very least, an ambiguity" that precluded a ruling that the agreement was usurious on its face. The Panel was being cautious; there is no ambiguity in the terms of the savings clause. The clause is clearly written to override the regular interest provision if that provision would result in a usurious rate. The bankruptcy court and Bankruptcy Appellate Panel, however, were aware of the danger that such a clause could be a subterfuge or sham, designed to permit the collection of a usurious rate of interest without an appearance of violation of the law. It was therefore appropriate to take evidence, as the bankruptcy court did, on what the parties entering the agreement intended the actual interest rate to be.[2] *See Abbot*, 284 P.2d at 162–63; *see also Jones–Hamilton Co. v. Beazer Materials & Services, Inc.*, 973 F.2d 688, 692 (9th Cir.1992) (noting that under *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641 (1968), extrinsic evidence is always admissible to explain meaning of, but not to vary, contract terms).

The bankruptcy court found that the parties intended for the savings clause to limit the rate of interest in effect under the agreement to the maximum non-usurious rate. Smith contends that this finding is clearly erroneous. According to Smith, the fact that, for years after the agreement was executed, the Millers continued to apply a 17% interest rate to the loan demonstrates that the agreement is usurious.

While we acknowledge that a party's conduct subsequent to an agreement is strong evidence of the party's intent on entering into the agreement, *Kennecott Corp. v. Union Oil Co. of Cal.*, 196 Cal.App.3d 1179, 242 Cal.Rptr. 403, 410 (1987), we do not accept Smith's implication that evidence of subsequent conduct should be used to the exclusion of other reliable evidence of the party's intent.[3] The bankruptcy court based its finding on the uncontroverted testimony of David Miller and his agent, who drafted the extension agreement. Both Miller and his agent testified that they intended that the savings clause limit the amount of interest chargeable under the extension agreement to the maximum non-usurious rate. The bankruptcy court was entitled to credit this testimony, supported as it was by the terms of the savings clause itself. We conclude, therefore, that the bankruptcy court's finding is not clearly erroneous.

Accordingly, we hold that the extension agreement does not violate the usury law, because the savings clause operates to limit the interest rate to the maximum non-usurious rate. The judgment of the Bankruptcy Appellate Panel is

**AFFIRMED.**

---

2. As the Bankruptcy Appellate Panel recognized, the requisite intent for a violation of the usury law is an intent to charge a particular rate that happens to exceed the statutory maximum; there is no requirement of an intent to violate the law. *Burr v. Capital Reserve Corp.*, 71 Cal.2d 983, 80 Cal.Rptr. 345, 349, 458 P.2d 185, 189 (Cal.1969).

3. We note that, at the time of the loan extension, to determine whether an interest rate was usurious required ascertainment of the rate that the Federal Reserve Bank of San Francisco charged federal reserve banks and then the addition of

five percent. A lender could easily be mistaken as to the current charge of the Federal Reserve Bank of San Francisco so that an innocent error could result. Thus, the provision for applying, on principal, any interest in excess of the legal rate could well be a bona fide effort to comply with the law rather than a calculated means of collecting illegal interest with a safeguard in case the borrower became aware of the excess charge.